[No. 5041.]

## L. F. MOULTON *v.* JUSTUS LOUX.

ACTION FOR MONEY LAID OUT FOR DEFENDANT'S USE.—In an action to recover money laid out and expended for the defendant, it is necessary to prove, either directly or presumptively, that the defendant requested the plaintiff to lay out the money for his use.

IDEM.—If A voluntarily offers to expend money for the use of B, and B at the same time agrees with A to do certain things, and A then expends the money, and B afterward violates his agreement, A cannot sue B for money laid out and expended for his use, even if he first rescinds the agreement. A's remedy is for a breach of the contract.

APPEAL from the District Court, Tenth Judicial District, County of Colusa.

The complaint contained two counts, one for twenty-three hundred and fifty dollars laid out by plaintiff at defendant's request and for his use, and one for fifteen hundred dollars for work and labor performed for the defendant. The answer de-

nied each allegation of the complaint. The Court found that the plaintiff had laid out for the use of the defendant, and at his request, the sum of fourteen hundred and fifty dollars, and gave the plaintiff judgment for that amount.

Prior to September 15th, 1874, W. H. Parks and others commenced the erection of a dam across Butte Creek and Slough, in Colusa County. The plaintiff and defendant owned separate tracts of land above the dam, which they thought would be flooded by the construction of the dam. The plaintiff proposed to the defendant to have an action commenced in the name of the defendant to enjoin the construction of the dam, and that the plaintiff would pay the costs and expenses of the action if the defendant would allow the suit to be thus brought, and would agree not to sell out while the suit was pending. The defendant agreed to this, and the action was commenced. The plaintiff had expended fourteen hundred and fifty dollars in prosecuting it when the defendant sold his land to W. C. Belcher, and Belcher was, by leave of the Court, substituted as plaintiff in the action. Hart & Haymond, who were the plaintiff's attorneys in the action, still remained such; but there had been delay in the trial of the cause, owing to the fact that Belcher consented to a continuance. In this condition of affairs, the plaintiff claimed to have rescinded the contract, and brought this action. The defendant appealed.

*W. F. Goad* and *W. C. Belcher*, for the Appellant, argued that the evidence showed that the plaintiff did not expend the money for the defendant's use.

*A. L. Hart* and *Creed Haymond*, for the Respondent.

The defendant having broken his contract, the plaintiff might have maintained his action for damages for the breach thereof, or he was at liberty to waive the tort, treat the contract as rescinded, and maintain his action on the common counts for money laid out and expended and for labor performed. (Parsons on Contracts, 5th ed. pp. 678, 679; *Keys* v. *Harwood*, 2 C. B. 905; *Planche* v. *Colburn*, 8 Bing. 14.)

Whenever a contract of *any kind* has been abandoned by mutual consent, or has been rescinded by some act of the defendant, the plaintiff may resort to the common counts alone for remuneration for what he has done under the contract. (2 Greenleaf on Evidence, secs. 101, 102, 103, 104, *et seq.*)

By the COURT:

The action is not brought for damages upon a breach of the express contract referred to in the evidence. The plaintiff relies only on the common count for money paid, laid out, and expended by him at the request of the defendant. It was always necessary, under this form of pleading, to establish the request, either directly or presumptively, by proof of circumstances from which a request could be implied. (*Lightfoot* v. *Creed*, 2 Moore's R. in Ct. of Com. Pleas and Exch. Ch. p. 255.)

But in this case it was expressly agreed between Moulton and defendant, that the latter should not be called upon to pay the moneys about to be expended by the former, and for the recovery of which this action is brought. Thus, the plaintiff testified as follows concerning the agreement:

" Q.   Was there anything said about his (Loux) having to pay any of the expenses?

" A.   Oh, the understanding was that he was not to pay the expenses.

" Q.   That he was not to pay any?

" A.   That he was not to pay anything, in consideration of the fact that we used his name in the suit and had the use of his land."

In view of this condition of things, to infer a request upon the part of the defendant or a promise by him to repay these moneys would be to go against the positive evidence of the circumstances in which the transaction originated, and it is plain that the subsequent breach of the express contract by the defendant, if such occurred, would not characterize the expenditures theretofore made by the plaintiff as expenditures made at the request of the defendant. If the plaintiff sustained damages by the breach of that contract, he should have counted upon

that breach as his cause of action—this would certainly be so as long as the contract remained obligatory between the parties, and if the plaintiff has, as he claims, rescinded the contract in consequence of its breach by the defendant, that circumstance certainly would not tend to establish that the moneys expended by the plaintiff in pursuance of the contract, and while it was in force, were expended at the request of the defendant.

Judgment and order denying a new trial reversed, and cause remanded for a new trial.