[No. 19541.   Department One.—August 21, 1895.]

## WILLIAM FRISBIE LEWIS, APPELLANT, *v.* C. S. CHAMBERLAIN ∘ ET AL., DEFENDANTS. E. W. MORSE ET AL., RESPONDENTS.

PRACTICE—EXECUTION—SUPPLEMENTARY PROCEEDINGS—PROPERTY CLAIMED BY THIRD PERSON.—Under the provisions of the Code of Civil Procedure relating to proceedings supplementary to the execution, the court has no jurisdiction to order the grantee of the judgment debtor, who claims title to the property conveyed, to surrender it or to subject it to the satisfaction of the judgment.

APPEAL from an order of the Superior Court of San Diego County dismissing proceedings supplementary to execution. E. S. TORRANCE, Judge.

*Works & Works*, for Appellant.

*M. A. Luce*, and *Conklin & Hughes*, for Respondents.

HAYNES, C.—Appeal from an order dismissing proceedings supplementary to execution.

Lewis obtained judgment in the superior court of San Diego county against E. W. Morse and N. H. Conklin for a large sum of money, upon which execution was issued and returned *nulla bona*. He afterward filed in said

court an affidavit, entitled in said cause, alleging the foregoing facts, and further alleging, on information and belief, that defendant Conklin, for the purpose of avoiding payment of said judgment, conveyed a large amount of property owned by him to Myra I. Conklin, his wife, and to Ralph L. Conklin, his son, who hold said property in their own names, and are thereby aiding and assisting him to shield it from sale to satisfy plaintiff's said judgment. Like allegations were made of conveyances by defendant Morse to his wife, Mary C. Morse, and that she had conveyed part thereof to one Daniel Schuyler; and upon this affidavit he asked that an order be issued requiring the said judgment debtors and Mary C. Morse, Myra I. Conklin, Ralph L. Conklin, and Daniel Schuyler "to appear and be examined as to the property of said Morse and Conklin, and for such other relief as is provided by law."

Mrs. Conklin filed a written and verified answer to plaintiff's affidavit, specifically denying that she held any property belonging to her husband in her name or possession or control, and alleged "that she in good faith claims and owns in her own right all property now in her name or possession or under her control, or that was in her possession or name or control when any of the papers in this cause were served upon her." She further denied that her husband had conveyed to her any property for the purpose charged in plaintiff's affidavit, and alleged that she then was, and since 1867 had been, the wife of said N. H. Conklin, and prayed that she be no further examined therein, and that she be discharged with her costs. Mrs. Morse filed a similar verified answer.

Upon the hearing Mrs. Conklin was called by the plaintiff, and after testifying to her residence, that she was the wife of N. H. Conklin, and after giving the date and place of her marriage, was asked the following question: "What property, if any, did you have at that time?"

Whereupon her counsel interposed the following objection:

"That—and, of course, we shall have to prove this by laying a predicate—that she claims all the property in her own right, and it is in her possession; and when she claims it the court cannot make examination in this proceeding, but suit can be instituted against her by plaintiff for the recovery of the property."

The objection was sustained, and plaintiff excepted. The same objection was made to the examination of Mrs. Morse, the same ruling had, and exception taken. Defendants then consented that an order be made authorizing plaintiff to institute suit to recover said property, to which counsel for plaintiff replied that "he wanted the property turned over." Some other testimony was heard, and, the evidence being concluded, the court dismissed the proceeding, and this appeal is from the judgment of dismissal, the proceedings being embodied in a bill of exceptions.

This proceeding was brought under the provisions of the Code of Civil Procedure, entitled "Proceedings Supplementary to the Execution."

I think it entirely clear upon the face of the statute that no order could be legally made requiring Mrs. Morse or Mrs. Conklin to surrender the property mentioned in the affidavit of the plaintiff, and its application in satisfaction of his judgment, otherwise than upon their admission that it was the property of the judgment debtor. To make such order in relation to property which they claimed to own in their own right, if it could have any effect or operation, would be to deprive them of their property upon a summary proceeding and without due process of law. If the plaintiff claims or believes their title under the conveyances mentioned in his affidavit to be invalid, an issue as to such ownership and title should be properly made and tried in an appropriate action, in which the verdict of a jury or the findings of a court may be regularly had determining those questions, and upon which a judgment could be regularly entered by which the parties would be conclusively bound. But this precise question

has been decided by this court in *McDowell* v. *Bell*, 86
Cal. 615, where, under facts similar to those involved
in this case, the court below granted the order subject-
ing property to the satisfaction of the judgment, and
this court held that in granting such order the court
below exceeded its jurisdiction; that "his only power
in the premises was to make an order authorizing the
judgment creditor to institute an action in the proper
court" for the recovery of the property, and granted a
writ of prohibition restraining the enforcement of the
order.

Counsel for appellant cite *Herrlich* v. *Kaufmann*, 99
Cal. 271, 37 Am. St. Rep. 50, to the effect that the code
provisions for supplementary proceedings are a substi-
tute for a creditor's bill, and say:

"To hold that because the party brought in to answer
says 'I claim this property in my own right,' he can-
not be required to answer at all, and the court can only
order that a suit be brought, would make the proceeding
a mere farce instead of a substitute for a creditor's bill."

It is quite evident, however, that the code provisions
relating to proceedings supplementary to execution,
without the provisions contained in section 720, could
not take the place of a creditor's bill where, as here, the
judgment debtor had "conveyed" the property to a third
person who claimed title under such conveyance.

The order dismissing the proceeding should be
affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the
order appealed from is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.