[S. F. No. 99.    Department Two.—July 23, 1896.]

CHARLES RAPP ET AL., RESPONDENTS, *v.* W. F. WHITTIER, APPELLANT, ET AL., DEFENDANTS.

CREDITOR'S BILL—VOID TRANSFER—ASSIGNMENT FOR BENEFIT OF OTHER CREDITORS — PROCEEDINGS SUPPLEMENTARY TO EXECUTION. — A creditor's bill will lie in favor of a judgment creditor, after the return of an execution unsatisfied, to set aside a void transfer of the personal property of his debtor, which was intended as an assignment for the benefit of other creditors, to the exclusion of the plaintiff; and, in such case, the plaintiff is not required to pursue the statutory remedy of proceedings supplementary to execution, such remedy not being adequate to reach the property in the hands of the transferee, who asserts title under the transfer adversely to the plaintiff.

ID.—CONSIDERATION OF VOID ASSIGNMENT—FINDINGS.—Where the court finds facts showing that an attempted assignment was made for the benefit of part of the creditors of a debtor, and is void under the statute governing assignment for the benefit of creditors, the question of the consideration of the assignment is immaterial, and no finding need be made thereon.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. SEAWELL, Judge.

The facts are stated in the opinion.

*Vincent Neale,* for Appellant.

The complaint does not state facts sufficient to constitute a cause of action, as it is in the nature of a creditor's bill to subject property to execution that cannot be reached by the ordinary process of law.   The exclusive method of doing this is provided in sections 717–20 of the Code of Civil Procedure.   (*Herrlich* v. *Kaufmann,* 99 Cal. 271; 37 Am. St. Rep. 50; *Adams* v. *Hackett,* 7 Cal. 201; *Pacific Bank* v. *Robinson,* 57 Cal. 522; 40 Am. Rep. 120; *Lynch* v. *Johnson,* 48 N. Y. 33; *Habenicht* v. *Lissak,* 78 Cal. 357; 12 Am. St. Rep. 63; *Lathrop* v. *Clapp,* 100 Am. Dec. 501, note.)   The findings are insufficient to support the judgment, as there is no finding upon the issue of consideration for the transfer.

*Mullany, Grant & Cushing*, for Respondent.

It would have been of no avail for plaintiff to have proceeded under supplementary proceedings, since appellant claimed an interest adverse to defendant. (Code Civ. Proc., sec. 720; *McDowell* v. *Bell*, 86 Cal. 616; *Hartman* v. *Olvera*, 51 Cal. 503; *Town* v. *Safeguard Ins. Co.*, 4 Bosw. 683.) The finding as to consideration is entirely sufficient. The issue, however, as to consideration of the alleged bill of sale is immaterial, as the assignment was a general one for the benefit of creditors and void under the statute. (Bishop on Insolvent Debtors, sec. 104; Civ. Code, sec. 3449; *O'Kane* v. *Daly*, 63 Cal. 317; *Beardsley* v. *Frame*, 85 Cal. 134; *Dana* v. *Stanford*, 10 Cal. 269; *Britton* v. *Lorenz*, 45 N. Y. 51; *Beers* v. *Lyon*, 21 Conn. 604; *Bishop* v. *Hart*, 28 Vt. 71; *Kimball* v. *Evans*, 58 Vt. 655.)

Britt, C.—Appeal by defendant W. F. Whittier from a judgment whereby a transfer of personal property evidenced by a bill of sale executed June 22, 1893, to said appellant by Henry F. Robbers and Charles Reck, who are also defendants here, was declared void, and plaintiffs were adjudged to recover of appellant the net proceeds in his hands of a sale of said property made by him subsequently to such transfer. It appears from the allegations of plaintiffs' complaint that Reck had no interest in the property described in the bill of sale; at the date of such instrument plaintiffs had an action pending in the superior court against said H. F. Robbers, in which they sought to recover a debt owed to them by him; the said bill of sale was intended by Robbers and accepted by Whittier as an assignment of all the assets of the former, pursuant to an understanding between them and various creditors of Robbers, other than the plaintiffs, whereby Whittier was to hold and dispose of the property for the benefit of such other creditors, to the exclusion of plaintiffs; on September 5, 1893, in the course of their said action against Robbers, plaintiffs recovered judgment; execution issued

thereon, and under the writ the sheriff garnished Whittier in respect of all credits and effects in his hands belonging to Robbers; the garnishee denied the possession or control of any credits or other property of Robbers, and asserted title to said assets in himself; there was no other leviable property of Robbers, and the execution was returned unsatisfied. These allegations of the complaint were either not denied by defendant Whittier—who alone contested this action— or were found by the court to be true. It was further stated in the complaint that said transfer was without consideration; by the answer issue was made on this averment.

The complaint being in the nature of a creditor's bill to subject property of Robbers, claimed by Whittier, to the satisfaction of plaintiffs' judgment against the former, appellant contends that the action does not lie; that with us the provisions of the statute for proceedings supplementary to execution (Code Civ. Proc., secs. 717–20) totally supplant any action of this character. Since appellant asserted title under the transfer from Robbers, and adversely to him, it would have profited plaintiffs nothing to pursue the course provided by the statute; in the face of that claim they could not, by supplemental proceedings, reach the fund held by appellant. In such a case those proceedings do not supersede the remedy by action, for the reason that they are not adequate to accomplish the purpose of the action. (*Swift* v. *Arents,* 4 Cal. 390; *Lewis* v. *Chamberlain,* 108 Cal. 525; *Herrlich* v. *Kaufmann,* 99 Cal. 271; 37 Am. St. Rep. 50.)

It is urged also that the court made no sufficient finding upon the issue of consideration for the transfer; but as it clearly appears that such transfer was an attempted assignment for the benefit of creditors of Robbers, and void under the statute governing that subject (Civ. Code, secs. 3449, 3457), the question of consideration therefor was immaterial. (*Sabichi* v. *Chase,* 108 Cal. 81, 85). The judgment should be affirmed.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFARLAND, J., HENSHAW, J., TEMPLE, J.