[Civ. No. 337. First Appellate District.—February 28, 1907.]

## UNION COLLECTION COMPANY, Appellant, v. RICH- ARD B. SNELL et al., Defendants; EDNA SNELL POULSON, Respondent.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION—RIGHTS OF THIRD PAR- TIES.—Upon a proceeding supplementary to execution the judgment creditor is not entitled to an order that a third person, who has re- ceived money from the judgment creditor, which is claimed in good faith to be the property of such third person, shall pay the same to the sheriff to be applied by him toward the satisfaction of the judgment. The title of such third person cannot be litigated in such proceeding.

ID.—MODES OF LITIGATING TITLE OF THIRD PERSON—POWER OF COURT— CREDITOR'S BILL.—The only power of the court in the supplementary proceeding is to authorize the judgment creditor to institute an ac- tion against such third person to recover the money and to forbid a transfer of it until such action shall be prosecuted to judgment. But the judgment creditor may also litigate the question by a credi- tor's bill against such third person as claiming under the judgment debtor. Such creditor's bill is not superseded by proceedings sup- plementary to execution.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, entered on the report of a referee in proceedings supplementary to execution. John M. Eshelman, Referee. James M. Trout, Judge Appointing Referee.

The facts are stated in the opinion of the court.

J. S. Reid, Smith & Pringle, and J. A. Johnson, for Appel- lant.

W. G. Witter, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment en- tered on the report of a referee in proceedings supplementary to execution.

Many elements are absent from the record. A mere state- ment of the case will have to be made largely from inferences.

The appellant some time prior to these proceedings obtained a judgment against Mary E. Snell, Sarah N. Snell and Richard B. Snell; execution was issued thereon, and the same was duly returned by the sheriff unsatisfied. Thereafter proceedings supplementary to execution were instituted by the judgment creditor, in which a referee was appointed. The referee examined witnesses, considered the questions presented and reported that the order prayed for by the judgment creditor should be denied, upon which report a judgment was entered, pursuant to the report of the referee, that the judgment creditor take nothing against Mrs. Edna Snell Poulson.

The report of the referee shows that during the year 1900 Mrs. Poulson paid certain debts owing by her brother and sisters, Richard B. Snell, Sarah N. Snell and Mary E. Snell, amounting to $3,500. These payments were made without authority, and without the knowledge or request of the brother and sisters of Mrs. Poulson, nor was there any subsequent promise on their part to repay Mrs. Poulson. On March 12, 1904, Mary E. Snell received from a certain estate $1,900 as a legacy, $1,600 of which, March 21, 1904, she gave to Mrs. Poulson to apply on account of payments made by Mrs. Poulson as hereinabove stated. It is contended by appellant that Mrs. Poulson was a mere volunteer (*Curtis* v. *Park*, 55 Cal. 105; *Moulton* v. *Loux*, 52 Cal. 81; *Gray* v. *Brunold*, 140 Cal. 620, [74 Pac. 303]); that as such there was, as between her and her brother and sisters, no valid subsisting indebtedness capable of being enforced, and that the attempted payment to her by Mary E. Snell of $1,600 was void as to creditors.

The only order or judgment that the judgment creditor requested was that Mrs. Poulson pay the $1,600 to the sheriff, to be applied by him toward the satisfaction of the judgment against the Snells. From the record it is plain that Mrs. Poulson in good faith claims the $1,600 as her own. She claiming the money, her title to it cannot be litigated in this proceeding. She must have her day in court. The only power of the court in this proceeding was to authorize the judgment creditor to institute an action against her for the recovery of the money, and to forbid a transfer of it until such action could be commenced and prosecuted to judgment. (*McDowell* v. *Bell*, 86 Cal. 615, [25 Pac. 128].)   In the

case of *Lewis* v. *Chamberlain*, 108 Cal. 527, [41 Pac. 413], a
judgment creditor claimed that certain transfers of prop-
erty were made by the judgment debtors to avoid payment of
his judgment. Each of the two transferees, among other
things, claimed the property transferred to her as her own.
In that case it is said: "This proceeding was brought under
the provisions of the Code of Civil Procedure, entitled 'Pro-
ceedings supplementary to execution.' I think it is entirely
clear from the face of the statute that no order could be
legally made requiring Mrs. Morse or Mrs. Conklin to sur-
render the property mentioned in the affidavit of the plain-
tiff, and its application in satisfaction of his judgment, other-
wise than upon their admission that it was the property of
the judgment debtor. To make such order in relation to
property which they claimed to own in their own right, if
it could have any effect or operation, would be to deprive
them of their property upon a summary process and without
due process of law. If the plaintiff believes or claims their
title under the conveyances mentioned in his affidavit to be
invalid, an issue as to such ownership and title should be
properly made and tried in an appropriate action, in which
the verdict of a jury or the findings of a court may be reg-
ularly had determining those questions, and upon which a
judgment could be regularly entered by which the parties
would be conclusively bound."

We do not mean to intimate that the only way in which
the judgment creditor could have questioned the title of Mrs.
Poulson to the $1,600 was by proceedings supplementary to
execution. Such proceedings have not superseded or abol-
ished the right of one to bring a suit in the nature of a cred-
itor's bill. In the case of *Rapp* v. *Whittier*, 113 Cal. 431,
[45 Pac. 703], it is said: "The complaint being in the na-
ture of a creditor's bill to subject property of Robbers,
claimed by Whittier, to the satisfaction of plaintiff's judg-
ment against the former, appellant contends that the action
does not lie; that with us the provisions of the statute for
proceedings supplementary to execution (Code Civ. Proc.,
secs. 717-720) totally supplant any action of this kind. Since
appellant asserted title under the transfer from Robbers, and
adversely to him, it would have profited plaintiffs nothing
to pursue the course provided by the statute; in the face of
that claim they could not, by supplemental proceedings,

reach the fund held by appellant. In such a case those proceedings do not supersede the remedy by action, for the reason that they are not adequate to accomplish the purpose of the action.''

The judgment of the trial court is affirmed.

Hall, J., and Cooper, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 28, 1907.