[L. A. No. 1626. In Bank.—February 29, 1908.]

## A. PHILLIPS, Appellant, v. ANDREA PRICE et al., Respondents.

CREDITOR'S BILL—PROCEEDINGS SUPPLEMENTARY TO EXECUTION—ADEQUACY OF LEGAL REMEDY.—In this state a creditor's bill in equity to reach the property of a judgment debtor and subject it to the judgment creditor's claim will not lie when the statutory proceedings supplementary to execution afford an adequate legal remedy. On the contrary, if such supplementary proceedings are inadequate, relief by creditor's bill may still be had.

ID.—SUPPLEMENTARY PROCEEDINGS WHEN INADEQUATE REMEDY.—Proceedings supplementary to execution are not an adequate remedy whenever they cannot in themselves, without the aid of an independent action, result in subjecting the property, whether tangible or a mere chose in action, to the payment of the creditor's claim. Such condition exists whenever it appears that the person who is charged with holding property belonging to the judgment debtor, or with being indebted to him, claims title to the property or denies the debt. In either case an action is necessary, and the creditor may proceed by creditor's bill without first pursuing the statutory proceeding supplementary to execution. On the other hand, where it does not appear whether or not the person alleged to hold property or to be indebted will claim the property or deny the debt, such proceedings may afford all the relief required and must be pursued.

APPEAL from an order of the Superior Court of San Luis Obispo County. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

F. A. Dorn, for Appellant.

McD. R. Venable, and C. P. Kaetzel, for Respondents.

SLOSS, J.—The demurrer to plaintiff's second amended complaint was sustained. Plaintiff declined to further amend, and appeals from the resulting judgment against him.

The complaint is in two counts, and the question is whether either states a cause of action.

The first count alleges the following facts material to the point to be discussed: In 1898 a judgment was obtained in a justice's court against W. B. Price for $253.43. This judgment, now amounting to $340.65, no part of which has been paid, has been assigned to the plaintiff. After such assignment plaintiff caused an execution to be levied by garnisheeing all sums of money due the judgment debtor from the defendants herein. It is alleged that at the time of such levy the defendants, as executrix and executors of the will of one John M. Price, deceased, were in possession of $1,063.58 belonging to such judgment debtor, such sum having been, by a decree of distribution in the estate of said John M. Price, determined to be due to W. B. Price as a legatee under the will. At the time of the levy no part of said sum of $1,063.58 had in fact been expended by the defendants. Said defendants refused to make any statement to the sheriff of the money in their possession, or to pay any portion of it to the sheriff on the execution. The plaintiff thereupon proceeded, under sections 717 et seq. of the Code of Civil Procedure to obtain an order requiring the defendants to appear before the justice to answer concerning their indebtedness to W. B. Price. They appeared and denied any indebtedness, testifying that W. B. Price's distributive share had been paid to him more than ten days before the making of the decree of distribution. The plaintiff thereupon caused the execution to be returned unsatisfied. On the hearing the justice ordered the defendants to pay into court within ten days the sum of $340.66, to be applied toward the satisfaction of the judgment. The defendants obtained from the superior court an injunction restraining the justice from enforcing this order. It is further alleged that since the levy of the execution the defendants, with intent to delay the judgment debtor's creditors, have paid to him his said distributive share.

In all essential respects, the second count is the same, except that it sets out a judgment for a different amount against Carlota Vidal, another beneficiary under the will of John M. Price. The steps taken to enforce the collection of this judgment were the same as those taken in the case of W. B. Price. Both counts may therefore be discussed together.

It is conceded by the respondents that, if there were no statutory provisions for proceedings supplementary to execution, the complaint would be sufficient as a "creditors' bill,"— that is, it would state a case for relief by a court of equity to subject to the satisfaction of the judgment creditor's claim assets which could not be reached by execution. But it is contended—and such is undoubtedly the settled law of this state —that since our statutes have provided a method of reaching such assets by supplementary proceedings, there is no longer, in cases where the statutory method is adequate, any ground for the interposition of equity. In *Herrlich* v. *Kaufmann,* 99 Cal. 271, [37 Am. St. Rep. 50, 33 Pac. 857], the court said: "Formerly assets of a judgment debtor which could not be effectively seized by the sheriff under an execution, such as a debt owing to the defendant, could be reached, upon a proper showing, through a court of equity by means of a creditors' bill or suit, but in this state, and in most of the other states, a legal remedy is afforded by statutes providing for proceedings supplementary to execution, and the general rule is that when there are such statutory proceedings they must be pursued." (See, also, *Adams* v. *Hackett,* 7 Cal. 201; *Pacific Bank* v. *Robinson,* 57 Cal. 522, [40 Am. Rep. 120]; *Habenicht* v. *Lissak,* 78 Cal. 357, [12 Am. St. Rep. 63, 20 Pac. 874]; *Matteson etc. Co.* v. *Conley,* 144 Cal. 483, [77 Pac. 1042].) It was accordingly held in *Herrlich* v. *Kaufmann* that a judgment creditor who has served a notice of garnishment upon a person indebted to the judgment debtor, without having taken any of the statutory steps provided by sections 717 to 720 of the Code of Civil Procedure, cannot maintain a creditors' bill in equity against the garnishee to reach the indebtedness. And this rests upon the doctrine, applicable generally to proceedings in courts of chancery, that equitable relief cannot be had except where the plaintiff appears to be without a plain, speedy and adequate remedy at law.

On the other hand, where the statutory proceedings supplementary to execution do not for any reason afford an adequate remedy, relief by creditors' bill may still be had. (*Lewis* v. *Chamberlain,* 108 Cal. 525, [41 Pac. 413]; *Rapp* v. *Whittier,* 113 Cal. 429, [45 Pac. 703].) In *Lewis* v. *Chamberlain,* where the judgment creditor sought, by proceedings supple-

mentary to execution, to reach property alleged to have been fraudulently transferred by the judgment debtor, it was held that the court had no jurisdiction to compel the transferee who claimed title to the property, to surrender it or subject it to the satisfaction of the judgment. In answering the argument that the proceeding, being a substitute for a creditors' bill, should be given the same scope as such bill, the court said that the code provisions "could not take the place of a creditors' bill where, as here, the judgment debtor had conveyed the property to a third person who claimed title under such conveyance." In *Rapp* v. *Whittier*, where there had been a void transfer of the personal property of the judgment debtor and the transferee claimed title, a creditor's bill was sustained, although no proceedings supplementary to execution had been taken. The court said: "Since appellant asserted title under the transfer from Robbers (the judgment debtor), and adversely to him, it would have profited plaintiffs nothing to pursue the course provided by the statute; in the face of that claim they could not, by supplementary proceedings, reach the fund held by appellant. In such a case those proceedings do not supersede the remedy by action, for the reason that they are not adequate to accomplish the purpose of the action."

The present case seems to present the same situation as that considered in *Rapp* v. *Whittier*. There the defendant denied that he had any property belonging to the judgment debtor, asserting title in himself. Here the defendants denied that they owed anything to the judgment debtor, claiming that the debt had been paid before the levy of the execution. The same reason exists here that existed in the former case for holding that proceedings supplementary to execution would not have been of avail to the plaintiff. Such proceedings could not, in view of the denial of liability, have enabled the plaintiff to reach the fund without an action. The plaintiff here did indeed attempt to pursue the statutory method, and obtained an order for the payment by defendants of the amount due. But the enforcement of such order was stayed by judgment of the superior court, doubtless for the reason that the denial of liability, at least in the absence of bad faith (*Parker* v. *Page*, 38 Cal. 526), deprived the justice of power to order the payment. Upon such denial of liability the only

order that could be made was one authorizing the plaintiff to institute an action to recover the debt. (Code Civ. Proc., sec. 720.) It is urged that plaintiff was bound to obtain such order before commencing any suit; that until he had done so he had not exhausted his legal remedies. But the same argument would have required the denial of relief in *Rapp* v. *Whittier*. Section 720 provides for an order authorizing suit where it appears that the person alleged to have property belonging to the judgment debtor, or to be indebted to him, "claims an interest in the property adverse to him, or denies the debt." Yet the plaintiff in the Rapp case was permitted to maintain his bill without obtaining leave to sue. The true ground of the decision in *Rapp* v. *Whittier* was that proceedings supplementary to execution are not an adequate remedy whenever they cannot in themselves, without the aid of an independent action, result in subjecting the property— whether tangible or a mere chose in action— to the payment of plaintiff's claim. Such condition exists wherever it appears that the person who is charged with holding property belonging to the judgment debtor or with being indebted to him, claims title to the property or denies the debt. In either case an action is necessary, and the plaintiff may proceed by creditors' bill without first pursuing statutory proceedings which could not give him anything more than a right to sue. On the other hand, where it does not appear whether or not the person alleged to hold property or to be indebted will claim the property or deny the debt, proceedings supplementary to execution may afford all the relief required and they must be pursued. *Herrlich* v. *Kaufmann* and *Matteson etc. Co.* v. *Conley* are such cases.

We can see no ground for distinguishing between the case of tangible real or personal property claimed to be held by a third party for the debtor, as in *Rapp* v. *Whittier*, and that of a debt claimed to be due the debtor. The code section (720) makes the same provision for both cases.

For these reasons we think that each count of the complaint stated a cause of action, and that the demurrer should have been overruled.

The judgment is reversed.

Shaw, J., Lorigan, J., Henshaw, J., and McFarland, J., concurred.

BEATTY, C. J., concurring.—I concur in the judgment of reversal, but not in the view that a judgment creditor may neglect compliance with the provisions of sections 717 et seq. of the Code of Civil Procedure, merely because a garnishee has denied any indebtedness to the judgment debtor. I think he must still apply for a citation to the garnishee to answer under oath before the court or judge as provided in section 717, and do everything required of him to secure an admission of the indebtedness, for such an admission will entitle him to an order for payment without action—the main object of the summary proceeding prescribed by the statute.

But if he fails to secure such admission, it then becomes the imperative duty of the court or judge to make an order authorizing him to institute an action.

If the court or judge refuses or fails to make such order, the statutory proceedings has failed to afford him relief, and he is remitted to his remedy as it existed before the statute.

In this case it appears from the allegations of the complaint that the plaintiff did everything required of him to secure an order authorizing him to sue, and that it was not granted. It is wholly immaterial that the complaint does not show a specific request for and express denial of such an order. A case was presented which made it the duty of the justice to make the order, but instead of doing so he made a wholly different order—one unwarranted by the facts, and one which he had no power to enforce. This may be regarded as a refusal to make the proper order and allowed the same effect.

The defendants are in no position to complain of this construction, for the order authorizing suit in any case in which the garnishee denies the alleged indebtedness is a mere form. Whether it is granted or denied, a right of action immediately accrues to the judgment creditor—and whether it is in form an action under the statute, or in equity because the statue has failed to afford relief, the issues are precisely the same.

Angellotti, J., concurred.