[Civ. No. 2695. First Appellate District, Division Two.—February 8, 1919.]

ANDREW BONNER et al., Respondents, v. HENRY A. LEHFELDT, Defendant; V. TREMAIN, Appellant.

APPEAL—BILL OF EXCEPTIONS ON APPEAL FROM ORDER—PRESUMPTION. Where on appeal the evidence is brought up by a bill of exceptions, even though it appear affirmatively that there was other evidence than that incorporated therein, the presumption is that the record exhibits all matters material to a consideration of the points presented.

ID.—MOTION TO VACATE ORDER APPEALED FROM—AFFIDAVITS USED ON MOTION.—Affidavits and other matters presented to the lower court on a motion to vacate the order from which the appeal was taken after such motion was presented, and while it was under submission, although incorporated in the bill of exceptions, being subsequent in date to the order before the appellate court, cannot be considered.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION—COMMISSIONER, APPOINTMENT OF—WAIVER OF OBJECTION TO APPOINTMENT.—Any objection by the alleged debtor of a judgment debtor to the appointment, authority, or jurisdiction of a commissioner to conduct the examination is waived by the appearance of such alleged debtor before the commissioner.

ID.—MONEY AGREED TO BE LOANED BY THE PARTY TO BE EXAMINED FOR SPECIFIC PURPOSE.—Evidence that the person examined in the sup-

plementary proceedings had agreed to lend the judgment debtor and his wife money for the construction of a building on a lot in San Francisco, which money was to be advanced by checks of the lender to the order of the judgment debtor and his wife and by them to be indorsed to real estate brokers, who were to use the checks to pay the building bills as the building progressed, warranted neither a finding nor a conclusion that the money was payable to the judgment debtor or to a general creditor of the judgment debtor, as the money constituted a fund to be used for a specific purpose.

ID.—NECESSARY PARTIES TO PROCEEDINGS.—The money agreed to be loaned by the person examined in this case being payable to the real estate brokers, no order made in their absence to pay it to the judgment creditors could have protected him against the claim of the real estate firm.

APPEAL from an order of the Superior Court of the City and County of San Francisco in proceedings supplementary to execution. John J. Van Nostrand, Judge. Reversed.

The facts are stated in the opinion of the court.

Samuel R. Davis and W. H. Morrissey for Appellant.

tum Suden & tum Suden for Respondents.

BRITTAIN, J.—The appeal is from an order supplementary to execution directing the appellant, as debtor of the judgment debtor, to pay the amount of a judgment to the sheriff. The plaintiff's affidavit follows the ordinary form in which the rendition of the judgment is set forth, together with the issue, levy, and unsatisfied return of execution. It was averred that Tremain, appellant, was a debtor of the judgment debtor in an amount exceeding $50, and that he refused to apply the money in his hands to the satisfaction of the judgment. The order of examination, based on these averments, directed Tremain and Lehfeldt, the defendant, to "appear before E. M. Levy, the commissioner appointed by me," at a time and place stated, "to answer concerning the same." Tremain appeared and testified he had agreed to lend Lehfeldt and his wife four thousand dollars to construct a building on a lot in San Francisco. The Lehfeldts executed a note and mortgage on the property to secure the loan, and it was agreed the proceeds of the loan should be advanced in four installments of one thousand dollars each, when the

frame of the building was up, when the brown coat of plaster was on, when the building was completed, and thirty-five days thereafter. It was further agreed that all of the payments were to be made by checks drawn by the lender to the order of Lehfeldt and his wife, and by them indorsed to the order of J. W. Wright & Co., real estate agents in San Francisco. Wright & Co. were to use the checks to pay the building bills for Lehfeldt's account. Pursuant to this agreement and co-incident with the execution of the note and mortgage, Tre-main drew, but did not sign, the checks. Lehfeldt and his wife immediately indorsed the checks to the order of Wright & Co. The first two checks were signed and delivered by Tremain at the appropriate times to Wright & Co. Wright notified Tremain "they had sold out the Lehfeldt property. Mr. Tremain said that he had paid two thousand dollars under the mortgage; that he had still two thousand dollars that he was willing to pay, *provided he was in every way pro-tected from all liability against everyone.*"

Some days after hearing this evidence, the commissioner read to Tremain his proposed findings, and the latter stated that they were correct, "with certain exceptions, and should be amended to set out and show the Wright transaction; that Mr. Levy agreed to make these corrections, and thereafter, in the absence of Mr. Tremain he made corrections; that Mr. Tremain did not see the findings and report of Mr. Levy after they had been corrected."

The report of the commissioner in substance follows the foregoing facts, but contains the additional statement: "The said money was a fund to be used to pay for the building built on said lot of land; . . . that the said V. Tremain did not deny the indebtedness, but he specifically admitted that he has the money in his possession belonging to said Henry A. Lehfeldt, the judgment debtor herein, nor does said V. Tre-main claim any interest in the said money or property ad-verse to the judgment creditors herein or adversely to said Henry A. Lehfeldt." Upon the recommendation of the com-missioner the order from which the appeal was taken was made.

In the bill of exceptions it was clearly specified that the evidence was insufficient to show that Tremain admitted that he had in his possession money belonging to Lehfeldt and insufficient to show that at any of the times necessary to sup-

port the order he had any money belonging or payable to Lehfeldt. The assignments of error were sufficient to present fairly the question of the propriety of the order made by the lower court under the facts stated.

It is contended on behalf of the respondents that the record shows affirmatively that there was other evidence than that incorporated in the bill of exceptions and, therefore, that this court must presume the omitted evidence would support the finding of the commissioner to the effect that Tremain had in his possession money payable to Lehfeldt. On the contrary, the presumption is that the record exhibits all matters material to a consideration of the points presented. (*Couson* v. *Wilson,* 2 Cal. App. 181, [83 Pac. 262]; *Polkinghorn* v. *Riverside Portland Cement Co.,* 24 Cal. App. 615, [142 Pac. 140].)

There were incorporated in the bill of exceptions certain affidavits and other documents presented to the lower court on a motion to vacate the order from which the appeal is taken. After the motion was presented, and while it was under submission, this appeal was taken. Under such circumstances, the matters contained in the bill of exceptions subsequent in date to the order before this court cannot be considered. (*Hefner* v. *Sealey,* 175 Cal. 18, [164 Pac. 898].) Argument based on such matters is without force.

While not questioning the power of the court to appoint a referee under section 719 of the Code of Civil Procedure in such matters, the appellant maintains that in this case there was no referee appointed, and, therefore, no jurisdiction in Mr. Levy to conduct the examination, nor in the court to make the order for payment.

While the better practice in such cases would be to follow the provisions of sections 638–645 of the Code of Civil Procedure regarding references and trials by referees, the order in this case showed that the commissioner was appointed by the court. Any objection to the appointment, authority, or jurisdiction was waived by the appearance of Tremain before the commissioner. (*Shain* v. *Peterson,* 99 Cal. 486, [33 Pac. 1085].)

From the appellant's testimony, it appears affirmatively and the commissioner found, that the money in Tremain's hands constituted a special fund to be used for a specific purpose. It was to be paid at fixed times to J. W. Wright & Co. It

further appears that Tremain was willing to pay the two thousand dollars *"provided he was in every way protected from all liability against everyone."* There was no other evidence upon the subject. This evidence warranted neither a finding nor a conclusion that the money was payable to Lehfeldt or to a general creditor of Lehfeldt. In respondent's brief it is asserted that the judgment was for mill work furnished for the house which was to have been constructed under the terms of the agreement to which reference has been made. There is nothing in the record to indicate that this statement, even conceding its truth, was before the referee or the court below when the order appealed from was made. If it had been, the result would not have been changed. The money being payable to Wright & Co., in their absence no order to pay it to respondents could have protected Tremain against their claim.

The statutory proceedings supplementary to execution are designed to take the place of a creditors' bill, but where for any reason they do not afford adequate relief, the old remedy lies. (*Phillips* v. *Price,* 153 Cal. 146, [94 Pac. 617]) ; Code Civ. Proc., sec. 720.) All known adverse claimants to a fund sought to be reached by a judgment creditor should have an opportunity to be heard, otherwise they would not be bound by the order, nor would the holder of the fund. (*Deering* v. *Richardson-Kimball Co.,* 109 Cal. 73, [41 Pac. 801].)

The affidavit and order of examination depended on the existence of the fact that Tremain had in his possession property of the judgment debtor. If, under a creditor's bill containing the same allegations, it should have been shown that the money was payable to Wright & Co., the court would have ordered Wright & Co. to be brought in, or judgment would have been rendered for the defendant. "No court can adjudicate directly upon a person's right, without the party being actually or constructively before the court." (*Mallow* v. *Hinde,* 12 Wheat. 193, [6 L. Ed. 599, see, also, Rose's U. S. Notes].)

The order appealed from is reversed.

Langdon, P. J., and Haven, J., concurred.