[Civ. No. 2174.   Third Appellate District.—June 2, 1920.]

## J. S. HENDERSON, Appellant, v. D. S. DENEHY MERCANTILE COMPANY, INCORPORATED, et al., Respondents.

[1] FRAUDULENT CONVEYANCES — TRANSFER OF STOCK IN TRADE — ACTION BY JUDGMENT CREDITOR TO RECOVER—PLEADING.—In an action by a judgment creditor to compel the delivery to him of a stock in trade alleged to have been transferred to defendant with intent to defraud creditors of the judgment debtor, the fact that the complaint contains allegations showing the execution and garnishment proceedings levied against the known property of the judgment debtor and on the defendant, the denial by the latter of its having any property of the judgment debtor, and the return of the writ *nulla bona,* does not render the complaint subject to demurrer on the ground that several causes of action are improperly united and not separately stated.

[2] ID.—WHEN CREDITORS' BILL PROPER — INADEQUACY OF SUPPLEMENTARY PROCEEDINGS.—While it is the general rule that, since the statute provides for proceedings supplementary to execution, resort must be had to such proceedings before a creditors' bill will lie, where such statutory proceedings do not afford an adequate remedy, as where there has been a void transfer of personal property by

the debtor and the transferee claims the title, said supplementary proceedings do not supersede the remedy by action.

[3] ID.—TRANSFER OF STOCK IN TRADE — NONCOMPLIANCE WITH SECTION 3440, CIVIL CODE—SUFFICIENCY OF COMPLAINT.—In an action by a judgment creditor to compel the delivery to him for the purpose of satisfying his judgment, of a stock in trade which was transferred by the judgment debtor to defendant, without giving the notice required by section 3440 of the Civil Code, the complaint is not subject to general demurrer on the theory that the transfer to defendant was void and that, therefore, the title to the property is still in its vendor, in so far as creditors of the latter are concerned, where it is alleged that defendant has possession of the property and refuses to give it to the sheriff.

[4] ID.—CONVEYANCE BY FRAUDULENT VENDEE TO THIRD PERSON—LIABILITY TO CREDITORS OF VENDOR.—Such a fraudulent vendee is liable for the value of the property to the creditors of its vendors, notwithstanding it has transferred the property to another.

APPEAL from a judgment of the Superior Court of Modoc County. Clarence A. Raker, Judge. Reversed.

The facts are stated in the opinion of the court.

J. T. Sharp and Joseph Kirk for Appellant.

Jamison & Wylie for Respondents.

BURNETT, J.—The appeal is by plaintiff from a judgment in favor of defendant Denehy Mercantile Company after a demurrer to a second amended complaint had been sustained and the plaintiff had declined to amend. The sole question on this appeal is therefore the sufficiency of said amended complaint. Appellant has made and presented a synopsis of said complaint, which we substantially adopt in the following statement: On April 30, 1918, M. Hotchkiss & Sons, retail merchants of Lake City, Modoc County, California, while indebted to plaintiff's assignors in the sum of $1,197.91, sold and delivered their stock in trade of the value of $3,000 to the defendants herein. "That neither the said M. Hotchkiss & Sons or said defendants, D. S. Denehy Mercantile Company, Incorporated, and John H. Hornback, or either, or any of them, either at least seven days before the consummation of said sale or transfer or assignment or ever or at all, recorded, or caused to be

recorded, nor was there at any time recorded on behalf of either of said persons or at all, in the office of the County Recorder of the County of Modoc, State aforesaid, or any other place, a notice of said intended sale, transfer or assignment, nor was there ever recorded a notice or any notice, as provided in Section 3440, Division 4, Part 2, of the Civil Code of the State of California; that no notice of said intended sale, transfer, or assignment of any kind, character, or description, was filed or recorded or filed for record either in the Office of the County Recorder of the County of Modoc, State aforesaid, where said stock in trade was situated or at any other place.''

On August 5, 1918, plaintiff brought suit on his assignors' claims, and on September 5, 1918, procured judgment thereon against Hotchkiss & Sons, and caused a writ of execution to be levied by way of garnishment on defendants in this action and by way of direct levy on all other known property of said Hotchkiss & Sons in Modoc County, California. Defendants denied having any property belonging to Hotchkiss & Sons, and asserted themselves to be the owners of said stock in trade, and refused to turn over the same to the sheriff for application to satisfy the execution. Under the execution upon the other property the net receipts of the sheriff amounted only to $192.46. With this exception the writ was returned *nulla bona*, and as a result the plaintiff. has an unsatisfied judgment for over $1,000 against Hotchkiss & Sons, who were and are insolvent and have no other property out of which the judgment can be realized. After alleging in conclusion that the transfer of the stock in trade was made to the defendants by Hotchkiss & Sons with intent to defraud the latter's creditors, plaintiff prays judgment against the defendants for the delivery to him of the stock in trade or sufficient thereof to satisfy his judgment against Hotchkiss & Sons, or in case delivery cannot be made, for judgment against the defendants and each of them for the amount of his judgment against Hotchkiss & Sons, with interest, etc.

The defendant Denehy Mercantile Company interposed a demurrer upon the grounds: (a) That the complaint did not state a cause of action; (b) that several causes were improperly united; (c) that they were not separately stated,

and (d) that the complaint was ambiguous, unintelligible, and uncertain.

The action is clearly in the nature of a "creditor's bill," and we can see no valid objection to the complaint.

[1] We are satisfied that only one cause of action is attempted to be stated. The alleged facts show plaintiff to be a judgment creditor, who has attempted unavailingly by legal methods to satisfy his judgment, and then invokes the equitable power of the court to subject to his claim the property of the judgment debtor which has been fraudulently conveyed to another party. The allegations in reference to the garnishment and proceedings under execution have no legal relation to a separate cause of action, but are simply indicative of the efforts made by plaintiff to avoid the necessity for resorting to the equitable action. Indeed, it has been held in this state that such attempt must be made before the creditor is in a position to attack the fraudulent conveyance. In *Bickerstaff* v. *Doub,* 19 Cal. 109, [79 Am. Dec. 204], it was said: "A fraudulent sale cannot be attacked by a creditor merely from the fact that he is a creditor, but only when he has a judgment establishing his debt and an execution issued therein, or has some process regularly issued as in the case of attachment, authorizing a seizure of the property." The complaint herein having set forth the judgment and the return of execution *nulla bona,* it was not necessary to · allege the attachment proceeding, but, of course, it could do no harm. The special demurrer for uncertainty, etc., was based upon the same contention that different causes of action had been commingled, and it is equally without merit.

As to the general demurrer, we may say that no material facts seem to be omitted from the complaint. [2] The general rule is, no doubt, that, since the statute provides for proceedings supplementary to execution (secs. 717 to 720, Code Civ. Proc.), resort must be had to such proceedings · before a creditors' bill will lie. But if said statutory proceedings do not afford an adequate remedy, as where there has been a void transfer of personal property by the debtor and the transferee claims the title, said supplementary proceedings do not supersede the remedy by action. (*Rapp* v. *Whittier,* 113 Cal. 429, [45 Pac. 703]; *Phillips* v. *Price,* 153 Cal. 146, [94 Pac. 617].) This case

falls clearly within the exception, as the complaint alleges: "That said defendants . . . denied and now deny that they had, or have, any property in their possession belonging to said M. Hotchkiss & Sons, and assert the fact to be that said stock in trade belongs to them, the said defendants, and that they have title thereto."

[3] However, it is due respondent's counsel to say that they do not specifically make this objection. The only reason they advance for their position as to the insufficiency of the complaint is found in this statement: "If it is an action against defendant, as the vendee of M. Hotchkiss & Sons, for purchasing the stock of goods without giving the notice required by section 3440 of the Civil Code, it fails to state a cause of action. The effect of that statute is simply to make such sale void and leave the title to the property in the vendor so far as the creditors are concerned. In other words, the plaintiff could have levied his execution or attachment upon these goods while they were in the hands of M. Hotchkiss & Sons and this sale without notice did not prevent him from following the goods and levying upon them in the hands of the vendee of said M. Hotchkiss & Sons. The remedy of the plaintiff if defendant purchased the stock of goods without giving the notice required by section 3440 of the Civil Code was to follow and seize the goods." The foregoing may be considered as a suggestion that the complaint should show the said steps to have been taken. So considered, it is sufficient to say that therein it clearly appears that just that course was pursued. It appears that the property was in the possession of said defendant D. S. Deheny Mercantile Company—the only defendant that has appeared in this court—and that the sheriff levied upon said property the writ of execution, "that after the levy of said writ of execution upon said defendant D. S. Deheny Mercantile Company, it neglected, failed, and refused and still neglects, fails, and refuses to deliver over to said sheriff for the plaintiff, the aforesaid stock in trade or any part thereof so received by it as aforesaid from said M. Hotchkiss & Sons, or to pay to said sheriff the value thereof or any part thereof or to pay unto said sheriff the amount named in said writ of execution or any part thereof." That the plaintiff did not take actual possession of the property was due to the action

of the company in refusing to permit it, and, of course, it cannot attach any saving virtue to its own wrong. It may be added that, if respondent company had not interfered, no doubt the sheriff would have taken the property into his possession and sold it to satisfy the demand, and this action would never have been brought. Nor do we think there is any merit in the claim that it does not appear but that the property at the time of the beginning of the action was in the possession of some other party, and, if so, the action would not lie against these defendants. But this is a mistake, both as to the fact and as to the law.

The fact is alleged as follows: "That at all times herein mentioned and since the 30th of April, 1918, said defendant D. S. Deheny Mercantile Company, Incorporated, has had sole, exclusive, continuous, and unqualified possession of all the goods, wares, and merchandise belonging to said M. Hotchkiss & Sons, and now is the sole and exclusive and unqualified possessor of said stock of merchandise and the whole thereof." [4] Moreover, if the company had transferred the property, the fraudulent vendee would still be liable for the value of the property to the creditors of the vendor. (*Swinford* v. *Rogers,* 23 Cal. 234; 20 Cyc., p. 630.)

We are satisfied that the ruling of the trial court was erroneous and the judgment is, therefore, reversed, with directions to overrule the demurrer.

Nicol, P. J., *pro tem.,* and Hart, J., concurred.