[Sac. No. 4501. In Bank.—February 9, 1932.]

B. H. BOND, Respondent, v. ENRICO BULGHERONI et al., Appellants; HERBERT C. COBLENTZ, Intervener and Respondent.

Berry & Watson for Appellants.

Edward T. Taylor for Respondent, McNoble & Parkinson for Intervener and Respondent.

WASTE, C. J.—This is an action in equity in the nature of a ''creditor's bill'', whereby it is sought to have certain funds on deposit with the defendant bank in the name of the defendant Angelina Bulgheroni applied in partial satisfaction of a judgment entered against the defendant Enrico Bulgheroni. From a judgment in favor of the plaintiff and the intervener, the defendants Bulgheroni appeal.

In substance, the complaint alleges and the trial court finds, that on or about March 14, 1926, the defendant Enrico Bulgheroni was the owner of an undivided one-half interest in a dairy business; that on June 12, 1926, an action was instituted in the Superior Court in and for the County of San Joaquin, wherein one M. A. Stevenson, plaintiff's assignor, was plaintiff, and Enrico Bulgheroni was defendant; that after said action was at issue, and before the trial thereof, the defendant Enrico Bulgheroni sold his interest in the dairy business for approximately $2,500; that without consideration, and with intent to hinder, delay and defraud his creditors, and particularly plaintiff's assignor, the defendant Enrico Bulgheroni, delivered the proceeds received from such sale to the defendant Angelina Bulgheroni, who thereupon deposited the same in her own name with the defendant bank; that Angelina Bulgheroni has been and now is in possession of said money in trust for Enrico Bulgheroni; that plaintiff's assignor thereafter procured a judgment in the sum of $2,050 and costs against the defendant Enrico Bulgheroni in the action above referred to, which judgment, for a valuable consideration, has

been transferred and assigned to the plaintiff herein; that an execution was issued upon this judgment and levied upon the judgment debtor's interest in the bank account standing in the name of "A. Bulgheroni", and which at the time of the levy contained the sum of $1863.37; that within three days after such levy, the defendant Angelina Bulgheroni filed with the sheriff a third party claim, claiming the sum of $1863.37 as her property; that the defendant bank has refused to pay or deliver any part of said sum to the sheriff; that the execution was returned unsatisfied; and that there is no other property of the judgment debtor from which the judgment might be satisfied. Upon these findings the court below concluded that the plaintiff, subject to certain rights in the intervener, is entitled to have the sum of $1863.37, on deposit with the defendant bank, applied in partial satisfaction of the judgment which he holds against the defendant Enrico Bulgheroni. Judgment was entered for the plaintiff, and the defendants Bulgheroni alone appeal.

The appeal is presented on the clerk's transcript and it must therefore be assumed that the evidence, which is not before us, is sufficient to sustain the findings.

■ Appellants' sole contention is that the complaint does not state a cause of action because it fails to allege that the plaintiff, prior to the commencement of this action, had resorted to the statutory remedy provided by sections 714 to 722, inclusive, of the Code of Civil Procedure, relating to proceedings supplemental to execution. It is urged that the cited code sections contain "full, complete and adequate provisions for the ascertainment, adjudication and application of money and property in satisfaction of a judgment after execution returned unsatisfied", and that these supplementary proceedings were intended to supersede the "creditor's bill" and must therefore be first resorted to and found "unavailing" before an action in equity in the nature of a "creditor's bill" can be brought. The authorities do not sustain the appellants' contention.

Preliminarily, it must be admitted that, if there were no statutory provisions for proceedings supplementary to execution, respondent's complaint would be sufficient as a "creditor's bill"; that is to say, it states a case for relief by a

court of equity to subject to the satisfaction of the judgment creditor's claim, assets which cannot be reached by execution. It is the settled law of this state that, since our statutes do provide a method of reaching such assets by supplementary proceedings, there is no longer, *in cases where the statutory method is adequate,* any ground for the interposition of equity. (*Herrlich* v. *Kaufman,* 99 Cal. 271 [37 Am. St. Rep. 50, 33 Pac. 857]; *Phillips* v. *Price,* 153 Cal. 146, 148 [94 Pac. 617].) This rule rests upon the doctrine applicable generally to proceedings in courts of chancery, that equitable relief is available only when the plaintiff appears to be without a plain, speedy and adequate remedy at law. Where, however, the statutory proceedings supplementary to execution do not, for any reason, afford an adequate remedy, relief by creditor's bill may still be had. (*Rapp* v. *Whittier,* 113 Cal. 429, 431 [45 Pac. 703]; *Phillips* v. *Price, supra; Bonner* v. *Lehfeldt,* 39 Cal. App. 649, 653 [179 Pac. 722]; *Blake* v. *Blake,* 86 Cal. App. 377, 381 [260 Pac. 937].) ■ Proceedings supplementary to execution are wholly inadequate where the grantee or transferee of a judgment debtor asserts title in himself, for the reason that to make an order directing the application of property claimed by a person in his own right would be to deprive him of his property upon a summary proceeding, and without due process of law. (*Blake* v. *Blake, supra.*) ■ Where a judgment creditor claims that title under a conveyance or transfer is invalid, an issue as to such ownership and title should be properly made and tried in an appropriate action in which a judgment may be had and the parties conclusively bound. (*Lewis* v. *Chamberlain,* 108 Cal. 525, 527 [41 Pac. 413].)

In the case at bar it appears, both from the complaint and the findings of the court below, that the defendant Angelina Bulgheroni claims to be the owner, in her own right, of the funds on deposit with the defendant bank. Since she asserts ownership and title to the bank account adversely to the defendant Enrico Bulgheroni, it would have profited the plaintiff nothing to pursue the course provided by the statute. In the face of that claim, the plaintiff could not, by supplementary proceedings, reach the money on deposit with the defendant bank, for an order

favorable to the plaintiff, if effective, would have deprived the defendant Angelina Bulgheroni of her property upon a summary proceeding and without due process of law. All known adverse claimants to a fund sought to be reached by a judgment creditor should have an opportunity to be heard; otherwise they would not be bound by the order, nor would the holder of the fund. (*Bonner* v. *Lehfeldt, supra,* p. 653; *Deering* v. *Richardson-Kimball Co.,* 109 Cal. 73, 83 [41 Pac. 801, 803].)

The appellants' attempted distinction of this case from *Rapp* v. *Whittier, supra,* and *Phillips* v. *Price, supra,* upon the ground that the defendant bank, as holder or depositary of the money, has not, as in the cited cases, asserted title thereto, is without merit. The fact that the depositary does not itself claim title to the money cannot serve to preclude a judgment creditor from filing a "creditor's bill", where there are other adverse claimants to the fund; and in *Deering* v. *Richardson-Kimball Co., supra,* this court reversed an order, entered upon supplementary proceedings, directing a depositary bank to pay over certain money to one of several adverse claimants, upon the ground that the proper remedy by which to adjudicate such adverse claims is by way of a "creditor's bill", for "all known adverse claimants should have an opportunity to be heard, otherwise they would not be bound by any order made; nor would the garnishee be protected by any such order from their just claims, and might be compelled to satisfy them". (See, also, *Bonner* v. *Lehfeldt, supra.*) Nor do we find any merit in the contention that plaintiff, as a prerequisite to the institution of this action, was first required to test out the availability and the sufficiency of the statutory remedy. (*Rapp* v. *Whittier, supra; Phillips* v. *Price, supra,* pp. 149, 150; *Blake* v. *Blake, supra.*) In *Rapp* v. *Whittier, supra,* a creditor's bill was sustained, although no proceedings supplementary to execution had been taken. Proceedings supplementary to execution are not an adequate remedy whenever they cannot, in themselves, without the aid of an independent action, result in subjecting the property to the payment of plaintiff's claim.

The amendments to the complaint made to conform to the proof did not in any way change or alter the cause of action

alleged, but merely served to more definitely disclose the appropriateness of the remedy pursued.

The judgment is affirmed.

Shenk, J., Seawell, J., Curtis, J., and Preston, J., concurred.