Appellate Department, Superior Court, Los Angeles.

[Civ. A. No. 4916. August 25, 1941.]

J. H. BOOGE, as Trustee, etc., Appellant, v. THE FIRST TRUST AND SAVINGS BANK OF PASADENA (a Banking Corporation), Respondent.

Newton E. Anderson for Appellant.

Riccardi, Webster & Donahue for Respondent.

THE COURT.—Plaintiff recovered a judgment in the superior court against one Reinicke and caused execution to be issued thereon and levied upon all moneys or other assets in possession of defendant and belonging to or owing to said Reinicke. The defendant answered that it had in its possession and under its control certain funds belonging to Reinicke, but claimed that by virtue of spendthrift provisions of a certain trust indenture said funds were exempt from execution and declined to pay over any of the money. Plaintiff then secured an order for the appearance and examination of defendant pursuant to the provisions of section 717, Code of Civil Procedure. Defendant appeared and filed an answer setting forth the spendthrift provisions of the trust in greater detail and claimed that by reason of the trust provisions it had an interest in the trust property adverse to the judgment debtor and denied that it was

indebted to said Reinicke. The referee thereupon issued an order restraining defendant from making any transfer of the money until an action could be commenced and prosecuted to judgment. Plaintiff then filed this action in the municipal court. Defendant demurred on the ground, among others, ''that the court had no jurisdiction of the subject of the action'' because of the very limited equitable jurisdiction conferred upon that court by the code (section 89, Code of Civil Procedure). The demurrer was sustained without leave to amend. From the judgment of dismissal plaintiff appeals.

The jurisdiction of the municipal court depends on whether this is an action at law or an action in the nature of a creditor's bill to discover and apply property of the judgment debtor, in the possession of a third person, to the satisfaction of plaintiff's judgment.

■ Before statutory provision was made for proceedings supplemental to execution, it was necessary for a judgment creditor, where he could not reach assets of his debtor by execution, to invoke the jurisdiction of a court of equity in what was called a creditor's bill or suit. This additional suit meant additional expense, delay and trouble. In order to obviate as much of this difficulty as possible statutory proceedings supplementary to execution have been developed. (Sections 714–721, Code of Civil Procedure.) It has been said in a number of cases in this state that these proceedings were intended as a substitute for a creditor's bill. (See *McCutcheon* v. *Superior Court*, [1933] 134 Cal. App. 5 [24 Pac. (2d) 911] and cases therein cited on page 8.) In this connection, however, three things must be kept in mind. They are: (1) The statutory procedure is not by its terms made exclusive; (2) The statutory proceedings supplemental to execution are authorized in the *same* action in which the execution issues, up to the point where the garnishee denies the existence of a debt or claims an interest in the property adverse to the judgment debtor; (3) The necessity of an independent action where the third person either claims an interest in the property adverse to the judgment debtor or denies the debt is recognized by statute in section 720, Code of Civil Procedure. It is therefore apparent that the right to maintain an independent action in the nature of a creditor's bill in order to reach and subject assets of a judgment

debtor to the payment of plaintiff's judgment was not expressly abrogated by the statutory procedure. The decisions support the conclusion that it has not been abrogated where the supplementary proceedings do not, for any reason, afford adequate relief (7 Cal. Jur. 800). [2] Where the third person denies liability to the judgment debtor or claims title to the property, the judgment creditor may proceed by creditor's suit without first pursuing the statutory remedy; and, in such cases, it was not necessary for him to obtain an order under section 720, Code of Civil Procedure, authorizing the suit, even when that section provided—as it does not now—for such an order. (7 Cal. Jur. 801; 11 Cal. Jur. 157; *Rapp* v. *Whittier*, [1896] 113 Cal. 429, 431 [45 Pac. 703]; *Phillips* v. *Price*, [1908] 153 Cal. 146, 150 [94 Pac. 617]; *Bond* v. *Bulgheroni*, [1932] 215 Cal. 7 [8 Pac. (2d) 130]; *Blake* v. *Blake*, [1927] 86 Cal. App. 377 [260 Pac. 937].) The reason for this rule is that to require a third person to turn over property to a judgment creditor under such circumstances would be to deprive him of his property upon a summary proceeding and without due process of law. (*Lewis* v. *Chamberlain*, [1895] 108 Cal. 525, 527 [41 Pac. 413]; *Blake* v. *Blake, supra*, p. 381; *Takahashi* v. *Kunishima*, [1939] 34 Cal. App. (2d) 367, 373 [93 Pac. (2d) 645].)

■ From this it seems clear that this action, though recognized in section 720, Code of Civil Procedure, is the same as the old creditor's bill. It is therefore an action in equity, supplementing the statutory procedure that has been provided. In fact, several of the decisions above cited recognize the proposition that the "supplementary proceedings," so called, which serve as a substitute for a creditor's bill, end with the orders authorized by sections 719 and 720, Code of Civil Procedure, and that the action mentioned in section 720 is not a part of those proceedings. (See *Bond* v. *Bulgheroni, supra*, pp. 10 and 11; *Phillips* v. *Price, supra*, p. 150; *Blake* v. *Blake, supra*, p. 381.) The mere fact that such an independent action is mentioned in section 720, Code of Civil Procedure, does not take from it any of its equitable character. At most, the section places a limitation upon the right to bring the action until it appears that the person who is charged with holding property belonging to the judgment debtor or with being indebted to him, claims title to the

property or denies the debt, or it appears for some other reason that proceedings supplementary to execution in the original action are inadequate.

The independent action does not lose its equitable character because, under certain circumstances, it is authorized by the code, any more than actions to foreclose mortgages (*Brichetto* v. *Raney*, [1926] 76 Cal. App. 232, 240 [245 Pac. 235]), to quiet title (*Thomson* v. *Thomson*, [1936] 7 Cal. (2d) 671, 681 [62 Pac. (2d) 358, 117 A. L. R. 1]), or to partition real property (*Jameson* v. *Hayward*, [1895] 106 Cal. 682, 687, 688 [39 Pac. 1078, 46 Am. St. Rep. 268] ; *Akley* v. *Bassett*, [1922] 189 Cal. 625, 647 [209 Pac. 576]), lose their equitable character because they are provided for by the code.

We therefore conclude that plaintiff's action is one in equity and that the trial court properly sustained defendant's demurrer because it lacked jurisdiction of the action. The court should, however, have ordered the case transferred to the superior court (section 396, Code of Civil Procedure) instead of entering a judgment of dismissal.

The judgment is reversed and the municipal court is directed to transfer said case to the superior court; appellant to recover its costs of appeal.