APPEAL from a judgment of the Superior Court of the county of Butte.

McIntosh, an insolvent debtor, made an assignment of his property to one Burroughs, in trust, for the satisfaction of his creditors under the provisions of title 3, part 2, of the Civil Code. Burroughs accepted the trust and received an assignment of the property. This suit was brought by the appellant, who was assignee of certain creditors of McIntosh, to compel an accounting by the trustee, and an execution of the trust. The other facts appear in the opinion of the court.

*Fuller & Howser,* for Appellants.

*Park Henshaw,* for Respondent.

[No. 8,168.   Department Two. — February 9, 1884.]
WILLIAM McCUTCHEON, ADMINISTRATOR OF THE ESTATE OF ROBERT McCUTCHEON, DECEASED, RESPONDENT, *v.* F. E. WESTON ET AL., APPELLANTS.

UNDERTAKING — ATTACHMENT — SURETIES — LIABILITY. — An undertaking given under section 540 of the Code of Civil Procedure, after reciting the issuing of the attachment, and that the undertaking was given to prevent the levy of the writ, provided that if the plaintiff in the attachment suit should recover judgment, the sureties would pay to him on demand the amount of the judgment, etc., not exceeding the amount named in the undertaking as the penalty. The plaintiff recovered judgment. *Held,* that the sureties were liable to the plaintiff upon the undertaking for the amount of the judgment.

Pleading—Judgment.—In an action upon an undertaking conditioned for the payment of any judgment which a plaintiff in an attachment suit shall recover, the judgment is sufficiently pleaded by an averment that it was recovered, entered, and docketed.

Id.—Administrator—Demurrer.—An averment that letters of administration upon the estate of a decedent "were issued by the Superior Court of the county of Alameda to this plaintiff, who duly qualified as the administrator of said estate, and entered upon the discharge of his duties as such administrator," is a sufficient averment of the representative capacity of the plaintiff to sustain a judgment, in the absence of a demurrer to the complaint.

Judgment—Liability of Sureties.—An action upon an undertaking conditioned to pay the amount of any judgment that shall be recovered in an attachment suit will be sustained, although judgment was rendered against only one of several defendants.

Appeal from a judgment of the Superior Court of the county of Alameda, and from an order refusing a new trial.

The action was against the sureties upon an undertaking given under the provisions of section 540 of the Code of Civil Procedure. The plaintiff's intestate, Robert McCutcheon, brought an action against F. E. Weston and H. Leslie, and caused an attachment to be issued and levied upon their property. The appellants executed the undertaking referred to in the opinion, in the sum of $1,500, which recited the issuance of the writ of attachment, and that the bond was given to prevent the levy of attachment, and was conditioned that if the plaintiff Robert McCutcheon should recover judgment in the action, they would pay to him, on demand, the amount of the judgment and costs, not to exceed the penalty of the undertaking. The plaintiff recovered judgment against defendant Leslie for the sum of $1,049.70, upon which execution was issued and returned unsatisfied. The other facts appear in the opinion of the court.

*R. A. Redman,* and *J. C. Martin,* for Appellants.

*R. L. McKee,* and *B. McFadden,* for Respondent.

Myrick, J.—Action on an undertaking given under section 540 of the Code of Civil Procedure. The averments of the complaint and the provisions of the undertaking are similar to those in *McNamara* v. *Hammerschlag* (opinion filed January, 1884). On the authority of that case, and *Preston* v. *Hood,* 64 Cal., we hold that the points taken by the appellant relating thereto are not sustained.

The plaintiff, in pleading the recovery of the judgment in the attachment suit, avers that the plaintiff in that action " recovered judgment against the defendant therein, H. Leslie, which was rendered in said action for the sum of," etc., " which judgment was entered and docketed," etc.   The plaintiff herein sued as administrator of the plaintiff in the attachment suit.   In pleading his capacity he avers "that on the 20th day of July, 1880, letters of administration upon the estate of said Robert McCutcheon, deceased, were issued by the Superior Court of the said county of Alameda, to this plaintiff who duly qualified as the administrator of said estate, and entered upon the discharge of his duties as such administrator; that plaintiff is now and has been continuously ever since the said 20th day of July, 1880, the administrator of the estate of said Robert McCutcheon, deceased."

The complaint was not demurred to by reason of any alleged defect in either of these two particulars, nor because it did not state facts sufficient to constitute a cause of action, though there was a demurrer on other grounds.

The appellant presents the point in this court for the first time, that the complaint is insufficient, in each of the two particulars above noted, to sustain the judgment.

We think the point not well taken.   This is not an action on a judgment, but it is on an undertaking.   The undertaking reads, " if the plaintiff shall recover judgment in said action we will pay," etc.; the allegation in the complaint is that judgment was recovered, entered, and docketed.   We think this sufficient.   We think the allegation as to representative capacity is sufficient to sustain a judgment, there having been no demurrer on that ground.

The point that judgment was recovered against one of the defendants only, in the attachment suit, is not well taken. The action was against two, and the undertaking was to pay "if the plaintiff shall recover judgment in said action."   Why judgment was recovered against one only, we are not informed; but the court had power to render such judgment, and it was rendered in that action.

The judgment and order are affirmed.

Thornton, J., and Sharpstein, J., concurred.