[No. 1660. Decided June 20, 1895.]

JOHN W. KLEEB, *Respondent*, v. F. M. BARD *et al.*, *Defendants*, JOHN W. VIANT *et al.*, *Appellants*.

BONDS — ALTERATION BY INTERLINEATION — EVIDENCE — PLEADING — AMENDMENT OF — CHANGE OF CAUSE OF ACTION — DEFENSES OF SURETIES — DISCHARGE OF INJUNCTION BOND.

Where a bond has been given conditioned that the obligors would fully perform and satisfy such judgment as may be awarded in a certain cause, the interlineation of the words " and other costs," constitutes only an immaterial alteration, as the costs are necessarily incident to judgment.

In an action upon a bond, which, when offered in evidence, disclosed interlineation therein, its execution cannot be denied by defendants when their answer has admitted its execution with the interlined words therein, as they must be presumed to have known whether or not the bond pleaded was the one which they had signed.

Where interlineations have been made in a written instrument the presumption is, until the contrary is made to appear, that they were made before the execution of the instrument, and the burden of proof as to the alteration is upon those who attack the instrument.

Where, pending an action to enforce specific performance of a contract to execute a mortgage to secure the payment of certain promissory notes, the notes mature and become due and payable, the filing of a supplemental complaint by plaintiff asking for a money judgment does not so far change the cause of action as to release sureties upon a bond conditioned for payment " of any final judgment that may be rendered against the defendants," which had been filed in the cause as originally instituted.

The sureties upon a bond given to secure the satisfaction of any judgment that may be rendered in a certain action, cannot, in an action upon the bond, set up the defense that their liability had been increased through the dismissal of the original action as to one of the defendants, when such defendant is one of the principals in the bond.

An order made by the trial court, without notice to plaintiff, discharging a bond which had been given by defendants to secure the vacation of a restraining order against the disposal of the property in controversy, is a nullity, and the plaintiff is entitled to an order for the reinstatement of the bond without notice to the obligors.

*Appeal from Superior Court, Pierce County.*

*John A. Shackleford, Thomas Carroll,* and *Hagerman & Carroll,* for appellants.

Defendants were served with a typewritten copy of the bond, which did not show any interlineation, but when the original bond itself was produced they at once discovered that it had been interlined, making a material change by enlarging the liability, whereupon they asked leave to amend their answer so as to plead that fact, which request was refused by the court. Every principle of law demands in such cases an explanation by plaintiff. When a paper shows any change or interlineation it is looked upon with suspicion, and must be explained. No proof of the execution of the bond was made at all. A change in the bond discharges the sureties. *Hagler v. State,* 28 Am. St. Rep. 514; *State v. Craig,* 58 Iowa, 240; *Miller v. Stewart,* 9 Wheat. 681; *Warder v. Willyard,* 24 Am. St. Rep. 250; *Hollingsworth v. Holbrook,* 20 Am. St. Rep. 411; *State v. McGonigle,* 20 Am. St. Rep. 609; *Estate of Nagle,* 19 Am. St. Rep. 669; *Fordyce v. Kosminski,* 4 Am. St. Rep. 18.

By the plaintiff voluntarily dismissing the action against one of the defendants he changed the liability

of the obligors on the bond. It had the effect of increasing and enlarging the risk of the sureties. The difference is, the sureties would, in one instance, have two men only to satisfy the judgment, in the other instance, three. Under all the principles and rules underlying the contract of securityship, we submit that the sureties would be discharged by any such increase of risk or enlargement of the contract. *Tucker v. White,* 5 Allen, 322; *Richards v. Storer,* 114 Mass. 101; *Andre v. Fitzhugh,* 18 Mich. 93; *Hall & Paulson Furn. Co. v. Schmidt,* 7 Wash. 606; *Quillen v. Arnold,* 12 Nev. 235; *Dupee v. Blake,* 35 N. E. 869; Brandt, Suretyship, 442, 444; *United States v. Boecker,* 21 Wall. 652; *Coughran v. Bigelow,* 34 Pac. 51; *Insurance Co. v. Johnson,* 120 Ill. 622.

The cause of action stated in the supplemental complaint was a different cause of action from the one stated in the original complaint, and this must be so because the cause of action stated in the supplemental complaint had not accrued at the time the bond was given. *Andrews v. Andrews,* 3 Wash. T. 291; *Gleason v. Gleason,* 54 Cal. 135; *Davis v. Erickson,* 3 Wash. 657; *Rockford Shoe Co. v. Jacob,* 6 Wash. 421. The introduction of a new cause of action in the complaint releases the sureties. *Doran v. Cohen,* 147 Mass. 343; *Townsend National Bank v. Jones,* 151 Mass. 457; *Hyer v. Smith,* 3 Cranch C. C. 437; *Carrington v. Ford,* 4 Cranch C. C. 232; *Fairfield v. Baldwin,* 12 Pick. 388; *Wood v. Denny,* 7 Gray, 540; *Ball v. Claflin,* 5 Pick. 303 (16 Am. Dec. 407); *Kellogg v. Kimball,* 142 Mass. 124: *Lanahan v. Porter,* 148 Mass. 596; *Knight v. Dorr,* 19 Pick. 49; *Cutter v. Richardson,* 125 Mass. 72; *Prince v. Clark,* 127 Mass. 599.

*Parsons, Corell & Parsons,* and *Govnor Teats,* for respondents:

Sureties upon a bond to secure the satisfaction of a judgment would not be discharged because an unnecessary party, and one against whom, as the case stood after the bond was given, there could be no judgment, had been dropped out of the case. *Alber v. Frœhlich,* 39 Ohio St. 248; *Lutt v. Sterett,* 26 Kan. 561; *Newell v. Norton,* 3 Wall. 257; *Poole v. Dyer,* 123 Mass. 363; *Dalton v. Barnard,* 150 Mass. 473.

The opinion of the court was delivered by

HOYT, C. J.—In October, 1888, the plaintiff sold to the defendants, F. M. Bard and H. C. Patrick, a certain sawmill with its appurtenances, together with certain timber land and stumpage, for the agreed price of $4,000, of which $2,000 was to be paid at the time the mill was to be delivered, $1,000 in six months and $1,000 in nine months, the last two payments to be secured by mortgage upon the property. Soon after the sale was made the said defendants paid the most of the cash payment agreed upon and took possession of the mill. They withheld a part of the cash payment and refused to make the mortgage or insure the property, on the ground that plaintiff was not the owner of all the property sold them. In the meantime said defendants had sold to defendant Stout an interest in the property. In April, 1889, plaintiff commenced an action to compel specific performance of this contract. To this suit he made said Bard, Patrick and Stout defendants. A few days later a supplemental complaint was filed by plaintiff, in which it was prayed that a temporary restraining order might issue to prevent defendants from disposing of the timber or running the

mill. Whereupon said defendants asked leave to file a bond to secure to plaintiff the satisfaction of whatever judgment he might recover in said suit, and having obtained such leave, executed a bond by themselves as principles, with the other defendants as sureties, the conditions of which, so far as they are necessary to be stated for the purposes of this discussion, were as follows:

"Now, therefore, if said defendants, or either of them, . . . shall pay, or cause to be paid to said plaintiff, . . . the full amount of any final judgment that may be rendered against said defendants in the above entitled action, and shall fully perform and satisfy said judgment in all things and shall pay such attorney's fees and other costs as may be awarded by this court in case suit is brought to enforce this bond, then the above obligation is to be void and of no effect; otherwise to be and remain in full force and virtue."

Upon the filing of this bond, the court, on the application of the defendants, made an order vacating the temporary restraining order. The cause then proceeded and the time at which the last payment became due according to the terms of the contract having elapsed before it was finally tried, it was treated as an action at law for the recovery of money, and judgment in a certain sum rendered therein in favor of the plaintiff. From this judgment defendants prosecuted their appeal to this court where it was reversed (1 Wash. 370, 25 Pac. 467) and the cause remanded with instruction to allow a supplemental complaint to be filed, setting out the fact of the payments having become due and praying for a money judgment. This direction was complied with, but the supplemental complaint was so filed against only the defendants Bard and Patrick, and the action was dismissed as to defendant Stout. Upon the issues joined on such

complaint a money judgment was recovered by the
plaintiff, which was affirmed by this court (7 Wash.
41, 34 Pac. 138), and not having been paid in accord-
ance with the alleged conditions of the bond above re-
ferred to, this action was brought thereon to recover
the amount due upon such judgment, with interest
and costs. In such suit judgment was rendered as
prayed for by the plaintiff, from which this appeal has
been prosecuted.

It is claimed by the appellants that this judgment
must be reversed for several reasons. These reasons
have been stated with much particularity in the brief
of counsel, but in our opinion can be properly con-
sidered under three heads. When the bond was
offered in evidence it appeared that certain words had
been interlined and no proof having been offered to
explain this interlineation it is claimed by the appel-
lants that no recovery could be had thereon.

The respondent claims that this contention cannot be
sustained for three reasons: (1) The words interlined
were immaterial; (2) The execution of the bond as
pleaded, including the words interlined, was admitted
by the answer; and (3) The burden of proving that
the interlineation was made after execution was upon
those attacking the bond. In our opinion any one of
these reasons is a sufficient answer to the contention
of the appellants. The interlineation changed the
conditions only by providing that costs as well as the
judgment should be paid, and as costs, being incident
to the judgment, would have been included in the con-
ditions of the bond without the interlineation, their
being provided for therein in no manner changed its
legal effect. As to the second reason; the defendants
must be presumed to have known whether or not the
bond pleaded was the one which they signed, and

having admitted its execution with the interlined words therein, they cannot, in the face of such admission, be heard to deny its execution. As to the other question; it may now be considered the settled law of this state that it will be presumed that an interlineation was made before the execution of the instrument, unless the contrary is made to appear. See *Wolferman v. Bell*, 6 Wash. 84 (32 Pac. 1017); *Yakima National Bank v. Knipe*, 6 Wash. 348 (33 Pac. 834); *Fairhaven v. Cowgill*, 8 Wash. 686 (36 Pac. 1093).

Was the cause of action changed by the course which it took after the giving of the bond? If it was, then we must agree with the contention of the appellants that the judgment rendered therein after such change was not within the contemplation of the makers of the bond at the time of its execution. If it was not so changed, the fact that the judgment took one form rather than another would be immaterial so far as the makers of the bond were concerned.

The real object of the suit as originally instituted was to secure the full performance of the contract on the part of defendants Bard and Patrick, including the payment of the money to be secured by the mortgage to be given upon the property. It is true that in the first complaint no money judgment was asked, but this was for the evident reason that at that time no money was due. But when, during the pendency of the proceedings to secure the specific performance of the contract as to the execution of the security, the debt became due, a judgment in form therefor would be so connected with the relief originally prayed for that the allowance by the court of a supplemental complaint under which such money judgment could be rendered would have been proper and would not have so changed the original cause of action as to

make it a new one. By the default of the defendants they had made it impossible that any security should be given for the purposes contemplated by the original contract, and it would have been an idle thing for the court to have directed the giving of such security and to have then dismissed the parties and required the commencing of a new suit by the plaintiff to enforce the payment of the money which was due and payable at the time the first judgment was rendered. The cause of action should be looked upon as one by the plaintiff against the defendants to secure to him the benefits of the contract, and to be founded thereon, and the fact that by the wrongful acts of the defendants a change in the form of the judgment was necessary to attain that object should have little force in determining the cause of action.

The other claim which we deem it necessary to notice is that the dismissal of the defendant Stout from the action relieved the defendants from liability on the bond. If the conditions of the bond could be construed as contended for by defendants, there might be force in this contention, their claim in that regard being that such conditions only required of them the satisfaction of a judgment rendered against all of the defendants. But, in any case, such a construction of the bond would be more technical than courts should approve, and especially in this case, where it was evident from the complaint of the plaintiff that entirely different relief was sought against the defendant Stout from that which was sought against the other defendants. It appeared from such complaint that there was no privity of contract between plaintiff and defendant Stout, and that the only reason for his being made a party to the action was that he might be bound by the judgment rendered therein so far as it should affect

the title to the property in question. It clearly appeared therefrom that as against the defendant Stout the plaintiff sought no substantial relief. This being so, it cannot be held in an action upon the bond that a dismissal as to him so changed the conditions surrounding the action as to relieve defendants from liability. If, under some circumstances, there might be force in the contention of the defendants growing out of the fact that they might have depended upon the responsibility of the defendant who was afterwards dismissed from the action, in this particular case it had no force, for the reason that Stout was one of the principals in the bond.

Aside from these questions it was claimed that the bond could not be enforced because of a certain order made by the judge of the trial court discharging it; but since the order which he made in the premises was without any notice to the plaintiff, it was in our opinion, not only voidable but absolutely void. The bond did more than to take the place of the restraining order. By virtue of its execution the defendants were put in a situation which enabled them to dispose of the property against which relief in the original action was sought. And this being so, it must be held that the bond took the place of such property. Hence the court could make no order in reference thereto which would be binding upon the plaintiff, except in the proper progress of the cause.

We find no substantial error in the record and the judgment must be affirmed.

DUNBAR, ANDERS, SCOTT and GORDON, JJ., concur.