[No. 18754. Department Two. November 18, 1924.]

SANDER KOLATCH, *sole trader doing business as Seattle Jobbing House, Appellant,* v. I. ROME & SONS *et al., Respondents,* ROCHESTER WHOLESALE HOUSE, *Defendant.*[1]

GARNISHMENT—BONDS—DISCHARGE OF SURETY. A bond given by one of two defendants to discharge a garnishment impounding goods, conditioned to perform the judgment that may be entered, is not released by the subsequent voluntary dismissal of the action as to such defendant, the goods released to such defendant being the same goods that were impounded by the garnishment.

Appeal from a judgment of the superior court for King county, Brinker, J., entered February 25, 1924, cancelling a bond to discharge writs of garnishment, after a trial to the court, in an action on contract. Reversed.

*Bausman, Oldham & Eggerman* and *Edward L. Rosling,* for appellant.

*McClure & McClure* and *Walter S. Osborn,* for respondents.

[1]Reported in 230 Pac. 135.

HOLCOMB, J.—This appeal is from a judgment discharging and cancelling a dissolution or discharge bond given to obtain the release of property held under garnishment. The appeal comes here on the transcript of the record, no statement of facts being brought up, and the only question involved is whether or not the findings support the third and fourth conclusions of law and judgment. The findings and conclusions, omitting formal parts, are as follows:

## "III.

"That on July 13, 1922, plaintiff entered into a contract with the defendant, Rochester Wholesale House, by the terms of which the Rochester Wholesale House agreed to sell and deliver to plaintiff three thousand seven hundred and eighty (3,780) pairs of woolen drawers, new, packed in original mill cases, consisting of a good assortment of sizes from 30 to 42 at thirty-five cents (35c) each. Said contract further provided that plaintiff deposit twenty per cent (20%) with the Rochester Wholesale House upon said order. And plaintiff accordingly forwarded to, and the defendant has received, the sum of two hundred fifty-two dollars ($252) deposit upon said contract. That said contract was in writing and is evidenced by a series of telegrams.

## "IV.

"That the defendant, Rochester Wholesale House, has failed, neglected and refused to deliver the drawers stipulated in said contract, and has retained said deposit, but has offered to deliver as an alleged performance thereunder drawers of inferior quality and of cheaper market price, wholly in defiance with their contract with the plaintiff; that said drawers so offered were renovated and not new; were not packed in original mill cases, but in bales, were not of assorted sizes, but 95% size 32; that 'good assortment of sizes' means, to the trade, approximately the following proportions in every dozen:

11—131 WASH.

Sizes

| | |
|---|---|
| 30 | 1 |
| 32 | 1 |
| 34 | 2 |
| 36 | 3 |
| 38 | 3 |
| 40 | 1 |
| 42 | 1 |

## "V.

"That plaintiff has been damaged by the aforesaid breach of contract in the sum of 19⅙c per pair, amounting to seven hundred twenty-four and 50-100 ($724.50) dollars; said 19⅙c per pair being the difference between the contract price and the actual market value at the time said contract was made and breached.

## "VI.

"That due demand for performance of said contract has been made, which demand has been refused.

## "VII.

"That said goods of the defendant offered in purported compliance with the contract herein, have been impounded by the service of writs of garnishment, issued out of this court on November 13, 1922, directed against Federal Reserve Bank, a corporation, and Northern Pacific Railway Company, a corporation, and that said writs have been dissolved by the giving of a redelivery bond, in which I. Rome & Sons is principal, and the National Surety Company is surety, which bond is conditioned to pay such judgment as the court may enter in this action.

"Done in open court this 25th day of February, 1924.

"Otis W. Brinker, Judge.

"From the foregoing Findings of Fact, the court makes the following:

## "Conclusions of Law.

## "I.

"That plaintiff is entitled to a judgment against the Rochester Wholesale House in the sum of $976.50, with

interest on $252.00 from July 24th, 1922, to November 1st, 1922, and on said aggregate sum from November 1st, 1922, and for costs and disbursements herein, such judgment to be payable only out of the interest of the Rochester Wholesale House in the goods impounded by the writs of garnishment issued out of this court on November 13, 1922, directed against the Federal Reserve Bank, a corporation, and the Northern Pacific Railway Company, a corporation.

"II.

"That the bond to discharge the writs of garnishment given by defendant, I. Rome & Sons, as principal, and National Surety Company, as surety, which bond is dated November 30th, 1923, operated to discharge said writs and became substituted security for such judgment as plaintiff might obtain in this action.

"III.

"That by the entry of the voluntary nonsuit herein with prejudice and with costs, as against the defendant I. Rome & Sons, the principal and surety on said discharge bond were released and discharged from all liability on said bond.

"IV.

"Judgment should be entered cancelling and discharging said bond and holding the same for naught."

Defendant Rochester Wholesale House, a non-resident corporation, was served by published summons, and a writ of garnishment was obtained to support the process, in which the Federal Reserve Bank, a corporation, and the Northern Pacific Railway Company, a corporation, were named as garnishee defendants. The Rochester Wholesale House made no appearance and its default was duly entered after the completion of the publication of summons.

The discharge bond was given by the defendant I. Rome & Sons, a corporation, under the provisions of § 689, Rem. Comp. Stat. [P. C. § 8008], providing that,

"If the defendant in the principal action, shall at any time before the entry of the final judgment in said principal action, cause a bond to be executed to the plaintiff with sufficient sureties, to be approved by the officer having the writ of garnishment, or after the return of said writ, by the clerk of the court out of which said writ was issued, to the effect that he will perform the judgment of the court: The writ of garnishment shall, upon the filing of such bond with the clerk, be immediately discharged, and all proceedings had thereunder shall be vacated: . . ."

Accordingly the bond was conditioned as follows:

"The condition of this obligation is such that,

"Whereas, in the above entitled case a writ of garnishment was issued by said court on the 13th day of November, 1922, directed against the Federal Reserve Bank, a corporation, and the Northern Pacific Railway Company, a corporation, and served by the sheriff of King County upon the said garnishee defendants on said day, as more fully appears by the sheriff's return on file in said cause; and

"Whereas, the defendant, I. Rome & Sons, a corporation, desires to obtain the discharge of such writ of garnishment;

"Now, Therefore, if the said Rome & Sons, a corporation, defendant, shall perform the judgment of the court in the above entitled case, then this obligation shall be void, otherwise to remain in full force and virtue."

The bond to discharge the garnishment was executed and filed on November 30, 1923. An order discharging the garnishment, provided by statute, *supra*, was made on the same day. On December 18, 1923, two days prior to the trial of the action on December 20, 1923, appellant (plaintiff below) procured an order voluntarily dismissing with prejudice the defendant I. Rome & Sons, a corporation, from the principal action.

It will be remembered that the trial court found that, "The defendant Rochester Wholesale House has failed, neglected and refused to deliver the drawers stipulated in said contract, and has retained said deposit, but has offered to deliver as an alleged performance thereunder drawers of an inferior quality," etc., and further; "that said goods of the defendant offered in purported compliance with the contract herein have been impounded by service of writs of garnishment issued out of this court on," etc.

So that the court found that the defendant Rochester Wholesale House's goods which it offered to deliver in purported compliance with its contract were the same goods which were impounded by garnishment proceedings, and, of course, the same goods which were discharged to the defendant I. Rome & Sons under their discharge bond.

We are compelled to conclude that, under this bond, which provided that, "If Rome & Sons, a corporation, defendants, shall perform the judgment of the court in the above entitled action," given pursuant to the statute for a discharge bond so conditioned, Rome & Sons, as principal, and its surety rendered themselves liable for any judgment which might be rendered by the court upon appellant's cause of action.

Respondent contends that the dismissal of Rome & Sons as the principal defendant varied the obligation of the surety on the discharge bond and released it from liability thereon.

We cannot assent thereto. In *Petri v. Manny*, 99 Wash. 601, 170 Pac. 127, 1 A. L. R. 1595, wherein a dissolution bond and attachment was dissolved, we held that sureties were not liable where several causes of action were added to the complaint after the dissolution bond was given, as to that portion of the judg-

ment based on the added causes of action; but were liable on the original cause of action. That the material change was held not to be a variation of the surety's risk so as to discharge him. It was there said as to such a bond and attachment:

"The intent of the statute clearly is that the bond given to perform the judgment of the court merely contemplates such a judgment as shall follow from the cause of action pleaded at the time of its execution."

We held in *Kleeb v. Bard,* 12 Wash. 140, 40 Pac. 733, in an action upon an injunction bond, that,

"Sureties upon a bond given to secure the satisfaction of any judgment that may be rendered in a certain action, cannot, in an action upon the bond, set up the defense that their liability had been increased through the dismissal of the original action as to one of the defendants, when such defendant is one of the principals in the bond."

In *McCutcheon v. Weston,* 65 Cal. 37, the court said:

"The point that judgment was recovered against one of the defendants only, in the attachment suit, is not well taken. The action was against two, and the undertaking was to pay 'if the plaintiff shall recover judgment in said action.' "

In *Campbell v. Brown,* 121 Mass. 516, quoting from the syllabus:

"A. & B. were sued as joint owners of a vessel, and the vessel attached as their property. B. gave a bond to dissolve the attachment under the general statutes, [cited], in which A. did not join, and the vessel was delivered to B. who obtained judgment in his favor. Judgment was obtained against A. on default. *Held,* that an action would lie on the bond against B." [Syllabus.]

In that case, two cases cited and relied upon by respondent, which, however, are in the minority upon the question here involved (*Eveleth v. Burnham,* 108

Mass. 374, and *Walker v. Dresser,* 110 Mass. 350), were distinguished as follows:

"No circumstances were shown, indicating that it was intended to be binding only in case of a judgment against the principal giving it (such as have been found in some other cases), which could modify the affect of the language used. [Citing the above cited cases.] If Brown had desired to release only his own property from attachment, and to escape liability upon any judgment against his co-defendant alone, he should have given a bond to secure only such judgment as might be recovered against himself. *Leonard v. Speidel,* 104 Mass. 356."

In *King v. Malone,* 91 Conn. 342, 99 Atl. 691, the supreme court of Connecticut held that dropping one of the defendants from the case, where three defendants were sued and property attached, in no way increased the liability of either on the bond, and did not drop such defendant from the bond where he had joined in the bond with sureties, and recourse could still be had against the bond and sureties. The court there observed:

"As dropping Mullaley did not release him from his liability on the bond, the fact that the plaintiff was active in causing him to be dropped is of no importance. It would only be of importance had his act released the principal from liability, in which case the surety would also have been released."

See, also, note to 51 L. R. A. (N. S.) 655, containing a large collection of cases on that subject, showing that the overwhelming weight of authority is to the effect that such dismissal of one defendant does not impair the obligation of the surety or the principal on the dissolution bond.

It is true, as respondent points out, that this is not an action on a bond, but the liability of the principal and surety is, nevertheless, to be determined.

We feel bound to conclude that the dismissal of Rome & Sons as a defendant did not release it as a principal nor as surety upon the discharge bond. The third and fourth conclusions of law and the judgment are, consequently, not sustained by the findings.

The judgment is therefore reversed.

MAIN, C. J., MACKINTOSH, BRIDGES, and FULLERTON, JJ., concur.