[No. 19440.    Department Two.    January 11, 1926.]

SANDER KOLATCH, *sole trader doing business as Seattle Jobbing House, Respondent,* v. I. ROME & SONS, *Appellant,* ROCHESTER WHOLESALE HOUSE, *Defendant.*[1]

[1] APPEAL AND ERROR (492)—EFFECT IN LOWER COURT OF DECISION OF APPELLATE COURT. The effect of a reversal of a judgment without specific instructions, and whether a new trial is required, must be determined from the opinion as a whole.

[2] APPEAL AND ERROR (386)—ESTOPPEL TO ALLEGE ERROR BY WAIVER OF OBJECTIONS. Where a defendant, impleaded with another, set up ownership and a special property in goods impounded by garnishment as the property of its co-defendant, and gave a dissolution bond to release the property, rendering itself liable for any judgment that may be rendered in the case, it should offer proof of its ownership, upon plaintiff's moving to voluntarily non-suit the case as to it; and having waived that right and elected to rely solely upon the non-suit as discharging its liability on the bond, it cannot, on reversal of the case, assert the right to a new trial to establish its ownership of the goods.

Appeal from a judgment of the superior court for King county, Hall, J., entered February 10, 1925, upon findings of fact in favor of plaintiff in garnishment proceedings, entered upon a reversal and remittitur from the supreme court.    Affirmed.

*McClure & McClure* and *Walter S. Osborn,* for appellant.

*Bausman, Oldham & Eggerman* and *Edw. L. Rosling,* for respondent.

TOLMAN, C. J.—This case has once before been in this court. *Kolatch v. Rome & Sons,* 131 Wash. 320, 230 Pac. 135.    It was there held:

"So that the court found that the defendant Rochester Wholesale House's goods which it offered to

[1]Reported in 242 Pac. 38.

deliver in purported compliance with its contract were the same goods which were impounded by garnishment proceedings, and, of course, the same goods which were discharged to the defendant I. Rome & Sons under their discharge bond.

"We are compelled to conclude that, under this bond, which provided that, 'If Rome & Sons, a corporation, defendants shall perform the judgment of the court in the above entitled action,' given pursuant to the statute for a discharge bond so conditioned, Rome & Sons, as principal, and its surety rendered themselves liable for any judgment which might be rendered by the court upon appellant's cause of action. . . .

"We feel bound to conclude that the dismissal of Rome & Sons as a defendant did not release it as a principal nor as surety upon the discharge bond. The third and fourth conclusions of law and the judgment are, consequently, not sustained by the findings."

The judgment then under consideration was reversed, without any special direction other than is to be gathered from a reading of the whole opinion.

Upon the going down of the remittitur, and upon application of the plaintiff (respondent here), without the taking of further evidence, and upon the record as it then stood, the trial court entered its judgment, which, after reciting the facts as to the reversal of the former judgment in this court, proceeds:

"And it appearing therefrom that the findings of fact heretofore entered by this court on February 25, 1924, stand unaffected by said appeal and unreversed and that the first two conclusions of law entered by this court on February 25, 1924, stand unaffected by said appeal and unreversed, which first two conclusions of law are as follows:

" 'That plaintiff is entitled to a judgment against the Rochester Wholesale House in the sum of $976.50 with interest on $252.00 from July 24, 1922, to November 1, 1922, and on said aggregate sum from November 1, 1922, and for costs and disbursements herein, such judgment to be payable only out of the

interest of the Rochester Wholesale House in the goods impounded by the writs of garnishment issued out of this court on November 13, 1922, directed against the Federal Reserve Bank, a corporation, and the Northern Pacific Railway Company, a corporation.

" 'That the bond to discharge the writs of garnishment given by defendant I. Rome & Sons as principal and National Surety Company, as surety, which bond is dated November 30, 1923, operated to discharge said writs and became substituted security for such judgment as plaintiff might obtain in this action.'

"Now, Therefore, the court being fully advised in the premises,

"It is Hereby Ordered, Adjudged and Decreed that plaintiff have and he is hereby given judgment against defendant Rochester Wholesale House, a corporation, in the sum of $976.50, with interest on $252.00 from July 24, 1922, to November 1, 1922, amounting to $5.40, and interest on said sum of $976.50 from November 1, 1922, to February 7, 1925, amounting to $132.97, together with his costs and disbursements herein, said judgment to be payable only out of the dissolution bond filed herein on November 30, 1923, upon which I. Rome & Sons are principal and the National Surety Company, a corporation, is surety, such liability to be established by an action brought for that purpose." Hall, J.

And from this judgment the defendant I. Rome & Sons has appealed.

[1] Considerable space is devoted to a discussion of the effect of a reversal without specific instructions, appellant seeming to contend that in all such cases, or at least in this case, such a reversal calls for a new trial. Without analyzing the authorities cited, we think it sufficient to say that, in this jurisdiction, the effect of such a reversal is to be determined from the whole opinion, and usually that is not difficult. Where the issues are greatly involved, it is usual for the writer of an opinion, in order to avoid possibility of mis-

understanding, to give specific instructions; but some-
times, unfortunately, what may seem clear and plain
to the writer, seems involved and obscure to the reader.
But we think not so in this case; for the issue was
clear-cut, the findings of fact were not questioned, and
but two of the conclusions of law and the judgment
based thereon were under attack.

[2] We fear appellant's trouble had its inception
farther back. When impleaded with the Rochester
Wholesale House, in addition to denying the allegations
of the complaint that the Rochester Wholesale House
had transferred the contract to it and it had accepted
and become bound thereby, appellant had the right to,
and it did, by way of affirmative defense, plead its
ownership, or a special property, in the goods im-
pounded by the garnishment. It should have pro-
tested its dismissal on the merits until its rights in
the property had been adjudicated. It should have
offered proof to support its affirmative answer, and
should have excepted to any and all findings of fact
which tended against its claim of ownership. By
making such a record, its rights could have been pre-
served so as to be passed upon by this court. Was it
so misled by the plaintiff's act in dismissing it from
the case as to permit it still to claim those privileges?
Before the trial court had ruled upon the question
presented in the former appeal, counsel for the present
appellant, addressing the court, said:

"I move at this time that the court enter an order in
addition to the order of dismissal as to I. Rome & Sons,
discharging all liability upon the bond, and for the
release of the bond which was filed in this action, I.
Rome & Sons being the principal, and the National
Surety Company being the surety; and I challenge the
sufficiency of the evidence to justify the entry of any
judgment against I. Rome & Sons, or the National
Surety Company, either on the merits or otherwise.

In view of the present situation of the record now, if the court rules on that motion, if the court decides that motion adversely to I. Rome & Sons, I. Rome & Sons will produce evidence in the case, and we have evidence we wish to offer. . .''

And again:

''In other words, his right to proceed against the bond must be, and is, conditioned upon his right to seize the property and hold it; otherwise, his rights fail. Now, the property which he seeks to hold, not being the property of the Rochester Wholesale House, but being the property of I. Rome & Sons, and I. Rome & Sons having been dismissed from the action, Your Honor must enter an order discharging the liability of the bond. If Your Honor fails to enter that order, we request, on behalf of I. Rome & Sons, permission to go ahead and prove that the goods were in fact, not the property of the Rochester Wholesale House, but the property of I. Rome & Sons, which we are prepared to prove; and we think it has already been established by the plaintiff's testimony itself. (Argument of counsel.)

''THE COURT: Well, if you want to put in evidence, you can do so; I am willing for the supreme court to have the advantage of the knowledge of all of the contentions of both parties in this case; and if you want to put in some evidence here, before I close this matter up, I will let you put it in. . .''

And still later, and still before the court had gone further than to perhaps indicate a leaning in his direction, when it was understood that briefs would be submitted and the case would be taken under advisement, counsel again said:

''As I understand by the situation in this case at the present time, an order for dismissal was entered by the court upon the motion of counsel for the plaintiff, as to I. Rome & Sons; and I. Rome & Sons thereupon ceased to be a party to this action. Personally, with the indulgence of the court, I understood that, without prejudice in any way to the rights of I. Rome & Sons, under the order of dismissal, I was permitted to cross-

examine Mr. Kolatch, notwithstanding counsel for plaintiff objecting to it, the court permitted it. Not appearing for Rochester Wholesale House, and I. Rome & Sons having been dismissed from the action, there is no further testimony that I can conceive could be offered in the case; and consequently we have nothing to offer in behalf of I. Rome & Sons; because under our theory of the case, I. Rome & Sons have been dismissed entirely from the case, and have nothing further to do with it. . .''

These remarks seem to indicate clearly that counsel for appellant well understood its position and deliberately chose to waive its right to establish by proof its ownership or special property in the goods which had been impounded, and elected to rely solely upon the defense which was held insufficient on the former appeal; and, if so, it cannot now assert the right which it then waived. The issue on the former appeal and the record as it then stood were such as not to require a new trial.

Judgment affirmed.

Mackintosh, Parker, Mitchell, and Main, JJ., concur.