[No. 19516. Department Two. March 3, 1926.]

F. A. WINGATE, *Respondent,* v. BERDIE TOLMAN *et al.,*
*Appellants,* GEORGE TOLMAN, *Defendant.*[1]

[1] ATTACHMENT (47, 48)—BOND BY THIRD PERSON—PROCEEDINGS FOR
DETERMINATION OF CLAIM TO PROPERTY—LIABILITY ON DISCHARGE
BOND. Where a wife, not liable for an antenuptial debt of her
husband, gave a bond to the sheriff to release an attachment on
an automobile claimed by her, the bond being conditioned "to
perform the judgment of the court," it was incumbent upon her
to tender the issue that the automobile belonged to her indi-
vidually and have it tried out; and having failed to do so, or
to show by the record that it did not belong to the husband or
the community, she and her surety are obligated by the bond
to discharge the judgment entered against her husband alone.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered February 20, 1925,
upon findings in favor of plaintiff in attachment pro-
ceedings, tried to the court. Affirmed.

*Karr & Gregory, H. G. Sutton, Clarence J. Coleman,*
and *O. T. Webb,* for appellants.

*R. V. Welts,* for respondent.

MACKINTOSH, J.—The respondent sued George and
Berdie Tolman as a community for the purchase price
of merchandise. The superior court found that there is
no evidence that George and Berdie Tolman were
married prior to the time the merchandise was sold.
When the complaint was filed, the respondent caused
an attachment writ to be issued, and the sheriff there-
under seized an automobile in the possession of George
and Berdie Tolman, then husband and wife. On the
next day, Berdie Tolman executed to the sheriff a
statutory redelivery bond to release the automobile, as
provided by § 671, Rem. Comp. Stat., the appellant

[1]Reported in 243 Pac. 853.

surety company being surety on the bond, which was conditioned "if the said Berdie Tolman shall perform the judgment of the court in this action then this bond to be void, otherwise of force." The sheriff redelivered the automobile to the Tolmans under this bond. The trial resulted in a judgment for the respondent against George Tolman, the court concluding that the respondent "is not entitled to judgment against the community comprised of George Tolman and Berdie Tolman, his wife, nor against Berdie Tolman at all except as hereinafter found." The court entered judgment against Berdie Tolman and the surety under the following conclusion: "That the plaintiff is entitled also to have judgment in the above mentioned sum entered against Berdie Tolman individually as principal and The Fidelity & Casualty Co. of New York, the surety upon the dissolution bond."

[1] The appellants complain of the judgment on the bond for the reason that the automobile is claimed to be the separate property of Berdie Tolman, and therefore not liable for the separate debt of George Tolman. No statement of facts is in the record, and we therefore know nothing regarding the title to the machine, and the presumptions in favor of the correctness of the lower court's acts call for an affirmance of the judgment. From all that appears on this appeal, the machine may have been the separate property of George Tolman. The statement in the redelivery bond, that might by inference be taken as one that Berdie Tolman was the owner of the machine, is of no force as proof of such fact. The bond took the place of the attached property, and the principal and surety must pay the judgment, unless somewhere or somehow it appears that the attached property itself could not have been held to pay it. If Berdie Tolman was claiming the automobile to belong to her individually, and thus not

to be used in satisfaction of a judgment as asked against the community, or a judgment as granted against George Tolman alone, she had a choice of ways in which to set up that claim and establish the error in allowing the attachment to stand.

Under the law relating to claims of parties to property attached or by motion to dissolve the writ, she could have secured the release of the automobile by establishing her sole ownership. But having chosen to repossess it by giving the counter bond, she did more than substitute that bond for the property; she and her surety bound themselves to pay the ultimate judgment, no matter what its nature might be, irrespective of whether it was separate or community. Having entered into such an engagement, she could not relieve herself, except by tendering in the case itself a claim that the property was solely hers and having that issue tried and determined. Not having done this, the obligation of the bond must be met. A situation somewhat similar to this obtained under a garnishment proceeding in *Kolatch v. Rome & Sons, ante* p. 268, 242 Pac. 38, and what is there said suggests that Berdie Tolman should have raised the question of her title in this case, where she was a defendant, after having repossessed the attached property.

Judgment affirmed.

TOLMAN, C. J., MAIN, MITCHELL, and PARKER, JJ., concur.