[No. 20224. Department One. April 4, 1927.]

JAMES A. WILLIAMS et al., Appellants, v. ISADORE EDELSTEIN et al., Respondents.[1]

[1] GARNISHMENT (19)—PROPERTY IN CUSTODY OF LAW—ARTICLES TAKEN BY SHERIFF FROM PRISONER. Property held by a sheriff or other arresting officer is not subject to garnishment, and the giving of a bond to secure the release of a garnishment does not waive the legality of the process where the issue was tendered in the main case.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered June 15, 1926, upon findings in favor of defendants, in garnishment proceedings, tried to the court. Affirmed.

*Williams & Cornelius,* for appellants.

*Guy B. Groff* and *William Hatch Davis,* for respondents.

[1]Reported in 253 Pac. 596.

FRENCH, J.—This action was brought by appellants against respondents to recover the value of certain jewelry which it was alleged had been converted by the respondent Edelstein. A writ of garnishment was issued directed to Wesley Turner, chief of police of the city of Spokane, who had in his possession at that time some $4,000 in travelers checks and currency, and in addition thereto certain jewelry, the property of Edelstein, which had come into his possession in the following manner: Edelstein was arrested in San Francisco, California. The police officers at the time of his arrest took, either from his person or from his grip in his room in the Palace Hotel in San Francisco, all of the above mentioned property, and Edelstein being wanted by the police authorities at Spokane, was brought to Spokane, and both he and his property delivered into the possession of Wesley Turner, chief of police. Thereafter respondent Edelstein, as principal, and the United States Fidelity & Guaranty Company, as surety, executed a bond for the release of the garnishment. The respondent, Edelstein, by his answer in the principal case, set forth the manner of the taking of the property and its possession by the chief of police; challenged the legality of the garnishment, and the validity of the bond given to dissolve it, and moved to dismiss the garnishment on the ground that it was illegal and void. The lower court found that the garnishee defendant had no property in his possession except as hereinbefore set forth, that he held such property solely in his official capacity as chief of police of Spokane, and was not otherwise indebted in any way. Appellants had judgment against the respondent, Edelstein, but were denied judgment against the bond.

[1] That property held by a sheriff, chief of police,

or other arresting officer is not subject to garnishment is no longer an open question in this state.

"The one question for decision is whether personal property, taken from the possession of a defendant in a criminal case by the arresting officer, is subject to garnishment in the hands of the sheriff in a civil action. . . . As we view it, it is unnecessary to review these different decisions and the various grounds upon which they are based, but rest our conclusion that the question must be answered in the negative upon the broad ground that, to allow such garnishment, would be contrary to public policy, recognizing the danger of the abuse of criminal process by the establishment of any other rule." *Kuehn v. Faulkner*, 136 Wash. 676, 241 Pac. 290.

It is claimed, however, that by giving the bond and securing the release of the garnishment all informality and illegality of the process was waived. It must be remembered in this case that respondent tendered the issue in the main case that the property was not subject to garnishment, and the lower court rightfully so held. This method of procedure seems to have been suggested by this court in *Kolatch v. Rome & Sons*, 137 Wash. 268, 242 Pac. 38, and was again clearly suggested as the proper method of procedure in *Wingate v. Tolman*, 137 Wash. 634, 243 Pac. 853.

The judgment is therefore affirmed.

MACKINTOSH, C. J., MAIN, MITCHELL, and FULLERTON, JJ., concur.