[Civ. No. 5384. First Appellate District, Division One.—October 27, 1927.]

ADELAIDE U. BLAKE, Appellant, v. ALFRED E. BLAKE et al., Respondents.

H. L. McAllister for Appellant.

Leon Samuels and Ross & Ross for Respondents.

TYLER, P. J.—Suit in equity to subject certain property to the satisfaction of a judgment. Plaintiff alleges in substance that defendants Alfred E. Blake and Elizabeth V. Blake intermarried on March 7, 1921, and still are husband and wife. That prior thereto on November 13, 1919, plaintiff, in an action for divorce, against defendant Alfred E. Blake prosecuted in the city and county of San Francisco and numbered 99,681, recovered a judgment in the sum of $125 per month for the support and maintenance of herself and minor child beginning with said month and continuing; that said judgment was docketed in the office of the county clerk of said city and county in book 138 of Judgments at page 195; that said judgment was never appealed from or modified and is still in full force and effect. That a final decree was signed by Honorable E. P. Shortall, Judge of said superior court of said city and county, and filed and recorded on the sixteenth day of November, 1920; that there is a balance now due upon said judgment so recovered in the sum of $2,300. It is then alleged that defendant Alfred E. Blake is the owner of certain described property situated in the city of Menlo Park, San Mateo County, and that said property stands of record in the name of defendant Elizabeth V. Blake, wife of Alfred E. Blake, who claims to be the owner in fee thereof under and by virtue of deeds thereto from said defendant Alfred E. Blake, her husband. That execution was issued out of the superior court of the state of California, in and for the city and county of San Francisco, directed to the sheriff of said city and county against the property of defendant Alfred E. Blake, on the twelfth day of December, 1923, and that said execution was returned wholly unsatisfied. It is then charged that prior to their marriage and subsequent thereto defendants conspired between themselves to defraud plaintiff of the proceeds of her judgment. Then follows allegations to the effect that defendant Alfred E. Blake had acquired by purchase certain real property and conveyed the same to defendant Elizabeth V. Blake prior to her marriage with defendant Alfred E. Blake under her then name Elizabeth Enright; that this property

was subsequently sold and the proceeds derived therefrom was, with money received by Alfred E. Blake from other sources, used to construct a residence upon the property located in San Mateo County above referred to. It is then alleged that these transactions were acts of insolvency which left defendant Alfred E. Blake wholly insolvent. Allegations of no speedy or adequate remedy in plaintiff are made, for which reason it is prayed that defendant Elizabeth V. Blake be charged with a constructive trust of all the real and personal property found to have been conveyed or transferred to her subsequent to the rendition of the judgment above referred to, and for other relief. To this complaint a general demurrer was filed and sustained. Plaintiff was given ten days in which to amend. She refused to do so and judgment that plaintiff take nothing by her action followed such refusal, and this appeal is from such judgment. ■ The contention raised by defendant and respondent was and is that nowhere in the complaint is there a recital that the statutory steps provided for in sections 717 to 720 of the Code of Civil Procedure, relating to proceedings supplementary to execution, had been taken against defendant Elizabeth V. Blake prior to the filing of the instant suit in equity against defendants. It is also claimed that the demurrer was properly sustained for the reason that plaintiff's judgment is insufficiently pleaded. We are of the opinion there is no merit in either contention and that the demurrer was improperly sustained. Upon the question of plaintiff not having exhausted her legal remedies before seeking equitable relief, it seems clear to us that the complaint has alleged all that is necessary to entitle her to prosecute her present suit, and this is certainly true as against a general demurrer. She alleges the procurement of her judgment and the issuance of an execution thereon which has been returned wholly unsatisfied. She alleges that Elizabeth V. Blake claims to be the owner in fee of the property sought to be impressed with the judgment, under and by virtue of deeds thereto, from defendant Alfred E. Blake, which were executed with the intent of defrauding her. No order under the provisions of the code supplementary to execution could be legally made requiring Elizabeth V. Blake to surrender the property in satisfaction of plaintiff's judgment, otherwise than upon her admission that it was the

property of the judgment debtor. ▮ Under the provisions of the code referred to, a court has no jurisdiction to order a grantee of a judgment debtor, who claims title to the property conveyed, to surrender it or to subject it to the satisfaction of a judgment. (*McDowell* v. *Bell*, 86 Cal. 615 [25 Pac. 128].) ▮ Where a judgment creditor claims that title under a conveyance is invalid, an issue as to such ownership and title should be properly made and tried in an appropriate action in which a judgment may be had and the parties conclusively bound (*Lewis* v. *Chamberlain*, 108 Cal. 525 [41 Pac. 413]). While the remedy by supplementary proceedings, where property may be reached, is intended as a substitute for a creditor's bill, these proceedings do not supersede the remedy by action where the grantee or transferee of a judgment debtor asserts title in himself for the reason that they are not adequate to accomplish the purpose of the action. The reason is, that to make an order directing the application of property claimed by a person in his own right, if it could have any effect, would be to deprive him of his property upon a summary proceeding and without due process of law (11 Cal. Jur., p. 157). Under such circumstances, the seeking and obtaining of an order upon supplementary proceedings to institute an action, upon the theory that a creditor must exhaust his legal remedy before commencing a suit, would therefore be an idle act and of no avail to plaintiff (*Rapp* v. *Whittier*, 113 Cal. 429 [45 Pac. 703]; *Phillips* v. *Price*, 153 Cal. 146 [94 Pac. 617]). Here it is alleged that defendant Elizabeth V. Blake claims to be the owner in fee of the property described in the complaint. For the purposes of the demurrer all the allegations of the complaint must be taken as true. (*Spangenburg* v. *Spangenburg*, 19 Cal. App. 329 [126 Pac. 379].) There is no merit in the contention. ▮ The same may be said of the claim that plaintiff's judgment is insufficiently pleaded to sustain a cause of action. Section 456 of the Code of Civil Procedure provides that in pleading a judgment it is not necessary to state the facts conferring jurisdiction, but such judgment may be stated to have been duly given or made. Here it is alleged that on a certain stated day in a certain county plaintiff recovered a judgment in an action for divorce, and the number of the action is pleaded; that such judgment was docketed in the book of judgments in a certain volume and

at a certain page; that it had never been appealed from and was in full force and effect; that the final decree of divorce was signed by a particular judge of the superior court of the state of California, in and for the city and county of San Francisco; that it was filed and recorded in the office of the county clerk of said city and county on the sixteenth day of November, 1920. An allegation in a pleading that a judgment was recovered, entered, and docketed is sufficient. (*McCutcheon* v. *Weston,* 65 Cal. 39 [2 Pac. 727].) In pleading a judgment of a court of general jurisdiction it is sufficient merely to allege that a judgment was obtained or recovered in a designated action, in such a court, or to make an equivalent averment. (*High* v. *Bank of Commerce,* 95 Cal. 385 [29° Am. St. Rep. 121, 30 Pac. 556]; *Weller* v. *Dickinson,* 93 Cal. 108 [28 Pac. 854]; 15 Cal. Jur., p. 283.) The complaint contains all of these requisite allegations. Moreover, the demurrer was a general one.

For the reasons given the judgment is reversed.

Knight, J., and Cashin, J., concurred.