[Civ. No. 4758.   Third Appellate District.—March 1, 1933.]

GOLDEN WEST CREDIT & ADJUSTMENT COMPANY, LTD. (a Corporation), Appellant, v. FRED PEARDON et al., Respondents.

Jesse A. Mueller for Appellant.

Rich, Weis & Carlin and Ray Manwell for Respondents.

PLUMMER, J.—The plaintiff brought this action to recover on a certain bond given to secure the release of an attachment previously issued. The bond sued upon, excluding the verification, is in the words and figures following, to wit:

"Whereas, the above named plaintiff has sued out an attachment in the above entitled action in the City and County of San Francisco, State of California, against the above named defendants, by virtue of writ of attachment in the

amount of $2,231.17, the following described property, to-wit: furniture and all personal property located in that certain building known as Wilson's Furniture Store at 340 3rd Street, Marysville, Yuba County, California, has been seized and is being held by the sheriff of the County of Yuba, State of California; and whereas, the said defendant is desirous of releasing said property from said attachment before the return thereof is made thereon and according to the form of the statute in said cases made and provided.

"Now, therefore, we the undersigned, residents and free-holders of the County of Yuba, State of California, in consideration of the premises and of the releasing of said property, do jointly and severally undertake in the sum of $4,500.00 and promise to the effect that in case the plaintiff recovers judgment in said action and said attachment is dissolved, that the said defendant will on demand, redeliver to the proper officer, said attached property and in default of such delivery that the defendant and we his sureties will pay or cause to be paid to the plaintiff, the full value of the property so released.

"Dated this 27th day of September, 1929.

"HARVEY WHITTEN
"FRED PEARDON."

The bond was duly verified and approved by the judgment of the Superior Court of Yuba County. The defendants demurred to the plaintiff's complaint, and particularly stressed the point that the complaint does not state a cause of action. The court sustained the defendants' demurrer, and from the judgment entered thereon the plaintiff appeals.

The complaint sets forth that on the tenth day of September, 1929, the plaintiff began a certain action against the defendants, Verne S. Wilson and George D. Karsch, individually and as copartners doing business as such under the firm name and style of Wilson & Karsch, for the purpose of recovering the sum of $2,231.17; that a writ of attachment was issued following the filing of said complaint, in due form, placed in the hands of the sheriff of Yuba County for service, and that in pursuance of the writ of attachment the sheriff of Yuba County proceeded to levy upon all of the personal property in that certain store known as "Wilson's Furniture Store", in the city of Marysville, whereupon the bond which we have set forth was given to release said prop-

erty, and the sheriff thereupon released the same. There-after, on the eighth day of October, 1931, upon the trial of said action, judgment was entered in favor of the plaintiff as against the defendant George D. Karsch, and in favor of the defendant Verne S. Wilson. An appeal being taken by the plaintiff from the judgment so far as it went in favor of the defendant Wilson, the judgment in favor of the defendant Wilson was, by the District Court of Appeal of the Third District, on the fourteenth day of January, 1932, reversed, and an order made directing that judgment should be entered in favor of the plaintiff against the defendant Wilson, as well as against the defendant Karsch. Thereafter, on the twenty-third day of March, 1932, a judgment was entered by the Superior Court of the County of Yuba, in favor of the plaintiff, against the said Verne S. Wilson, and the judgment in the case runs against George D. Karsch and Verne S. Wilson individually and as copartners doing business under the name and style of Wilson & Karsch. Demand having been made for the payment of the amount of the judgment, as required by law, and said judgment not having been paid, and an execution having been issued against the defendants Wilson & Karsch and having been returned unsatisfied, this action was begun to recover from the sureties.

Upon this appeal it is contended that the bond is given pursuant to section 540 of the Code of Civil Procedure; that at the time the plaintiff appealed from the judgment, in so far as it went in favor of the defendant Wilson, no bond was given to continue the attachment in force under the provisions of section 946 of the Code of Civil Procedure, and that by virtue of section 553 of the Code of Civil Procedure, the bond should have been delivered by the sheriff to the defendants in this action.

The court, in its ruling upon the demurrer as appears from the transcript, concluded that the bond was a statutory bond given under the provisions of section 540 of the Code of Civil Procedure, and that as the complaint did not allege that a bond had been given according to the provisions of section 946 of the Code of Civil Procedure, the complaint failed to state a cause of action. In this conclusion we think the court was in error. There is no section of the code which requires that the plaintiff shall obtain judgment

against all of the defendants in order to keep an attachment in force or to keep alive a surety bond given to the sheriff to release attached property. Section 553 of the Code of Civil Procedure uses only the word "defendant". This word, however, is a word which means "defendants" as well as "defendant", being so expressly provided for in section 17 of the Code of Civil Procedure. It is not necessary, in order to keep alive an attachment and also a surety bond, that the plaintiff recover a judgment against all of the defendants named in the action. If the property attached belongs to a particular defendant, and the bond given for the release of the property provides specifically that if judgment goes in favor of the plaintiff as against that particular defendant, then and in that case the sureties will not be bound and the bond will be released if judgment goes in favor of the particular defendant, and if an appeal is prosecuted therefrom, then an undertaking must be given by the plaintiff in order to continue the attachment in force and hold the sureties on the bond as specified in section 946 of the Code of Civil Procedure.

In the bond given for the release of the attachment in this case there is no provision contained therein limiting its scope and effect to any particular defendant. It promises to the effect that in case the plaintiff recovers judgment, and default is made in redelivering the property or paying the same, the sureties will cause to be paid to the plaintiff the full value of the property released. The bond does read: "and in default of such delivery, that the defendant and we, his sureties, will pay". But as stated herein, the word "defendant" must include both defendants as well as any particular one, there being no limitation as to any one of the defendants.

In *McCormick* v. *National Surety Co.*, 134 Cal. 510 [66 Pac. 741], the court, having before it a similar question, used the following language: "It is a statutory undertaking, and its direct and express covenants are that the things promised shall be done if the plaintiff in the action shall 'recover judgment in said action'. There is no condition in it that plaintiff shall recover judgment against all of those who are made defendants; a judgment against any one or more of the defendants is sufficient. (*Heynemann* v. *Elder,* 17 Cal. 433; *McCutcheon* v. *Weston,* 65 Cal. 37 [2

Pac. 727].)'' In the latter case the court said: ''The point that judgment was recovered against one of the defendants only in an attachment suit is not well taken. The action was against two, and the judgment was to pay 'if the plaintiff shall recover judgment in said action'. Why judgment was recovered against only one, we are not informed, but the court had power to render such judgment, and it was rendered in that action. In *Poole* v. *Dyer*, 123 Mass. 363, the court said: 'The result, so far as the sureties are concerned, is the same whether the plaintiff discontinues against one of the defendants or fails to recover against him upon trial'. '' This case goes on to hold that the ownership of the property attached and released is wholly immaterial so far as the obligation of the sureties is concerned.

Under the decisions which we have cited, and the section of the code holding that where the singular is used and there are no other words limiting the application to any particular defendant, it must be held that the undertaking of the sureties was to respond in the event of judgment going in favor of the plaintiff as against any one of them.

The judgment of the court sustaining the defendants' demurrer is reversed and the cause remanded to the trial court with directions to overrule the defendants' demurrer, and allowing the defendants a reasonable time within which to file an answer to plaintiff's complaint, if so advised.

Pullen, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 31, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 28, 1933.