[Civ. No. 5058. Third Appellate District.—May 9, 1934.]

GOLDEN WEST CREDIT & ADJUSTMENT CO., LTD. (a Corporation), Respondent, v. FRED PEARDON et al., Appellants.

Ray Manwell and Rich, Weis & Carlin for Appellants.

Jesse A. Mueller for Respondent.

PULLEN, P. J.—This is an appeal from a judgment in favor of plaintiff and against defendants as sureties on a bond for the release of an attachment. It will not be necessary to recite the facts out of which this appeal arises as the matter was recently before this court upon an appeal from a judgment of dismissal in favor of defendants following an order sustaining a demurrer to the complaint, wherein the facts were set forth in considerable detail. (*Golden West Credit & Adjustment Co., Ltd., a Corporation*, v. *Peardon et al.*, 130 Cal. App. 186 [19 Pac. (2d) 817, 819].)

The trial court in its ruling upon the demurrer in that proceeding held the bond was a statutory undertaking given under the provisions of section 540 of the Code of Civil Procedure, and inasmuch as the complaint did not allege that a stay bond had been given in accordance with the provisions of section 946 of the Code of Civil Procedure, after a judgment in favor of one of the principals in the bond, the complaint failed to state a cause of action. This court in reversing that judgment held the section in question did not require that the plaintiff must obtain a judgment against all of the defendants in an action in order to keep an attachment in force or to keep alive a bond given to a sheriff to release attached property. Defendants thereupon answered admitting the filing of the complaint, the issuance of the writ of attachment, the levy by the sheriff, the execution and delivery of the bond sued upon, and the acceptance by the sheriff, the trial and judgment and issuance of writ of execution. Upon information and belief defendants denied the failure of the defendants in the original action to deliver to the sheriff the property attached and also disputed the amount due upon the judgment. In a separate defense defendants also claimed that by a certain order the court discharged the attachment in Yuba County, but the trial court found against defendants upon that issue, which finding is fully sustained by the evidence.

The principal contention of appellants made upon this appeal is that the undertaking in the case at bar is a statutory bond executed by them solely upon behalf of defendant Verne S. Wilson to release the attachment on property belonging to him.

It appears from the instruments themselves that the action is entitled *"Golden West Credit & Adjustment Co., Ltd., a corporation,* v. *Verne S. Wilson, George D. Karsch, John Doe and Richard Roe, individually, and as co-partners,"* etc., but no pleading on the part of defendants herein was framed to present the issue that the obligation was on behalf of any particular defendant and therefore there was no finding to that effect nor in the absence of such pleading could there have been a finding that the use of the word "defendant" in the singular meant any particular defendant. As this court said in *Golden West Credit & Adjustment Co., Ltd., a Corporation,* v. *Peardon et al., supra:*

"If the property attached belongs to a particular defendant, and the bond given for the release of the property provides specifically that if judgment goes in favor of the plaintiff as against that particular defendant, then and in that case the sureties will not be bound and the bond will be released if judgment goes in favor of the particular defendant, and if an appeal is prosecuted therefrom, then an undertaking must be given by the plaintiff in order to continue the attachment in force and hold the sureties on the bond as specified in section 946 of the Code of Civil Procedure."

If there were any ambiguity in the bond or undertaking such uncertainty must be interpreted most strongly against the party who caused such uncertainty to exist. (Sec. 1654, Civ. Code.) It appears the bond was prepared entirely by appellants and they are now in no position to take advantage of any ambiguity or uncertainty if such there be.

The judgment therefore must be affirmed and it is so ordered.

Plummer, J., and Thompson, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 5, 1934.

Curtis, J., and Preston, J., dissented.